[No. 8544.  Department Two.  January 28, 1910.]

J. J. LUNDELL *et al.*, *Respondents*, v. ALLEN & NELSON MILL
COMPANY, *Appellant*.[1]

BOUNDARIES—DESCRIPTIONS—CALLS—COURSES AND DISTANCES.  In
a description in a deed in which a calculation of the north measure-
ment of an irregular meander showed a total width of 1080 feet,
while the south measurement called for a distance of 1020 feet, to
the place of beginning, the end measurements control a call for
parallel lines on the east and west sides of the tract, and such lines
cannot be parallel (RUDKIN, C. J., and PARKER, J., dissenting).

EJECTMENT—EVIDENCE—BURDEN OF PROOF—SUFFICIENCY.  In eject-
ment, the burden is upon the plaintiff to establish his title; and he
fails to do so, as regards a disputed boundary line, where it appears
that the line is not located on the ground, and it is reasonably cer-
tain defendant is not occupying any of plaintiff's land, plaintiff's
main contention being for a sixty-foot overlapping strip, under a
deed subsequent to defendant's deed.

Appeal from a judgment of the superior court for King
county, Yakey, J., entered May 25, 1909, upon findings in
favor of the plaintiffs, after a trial on the merits before the
court without a jury, in an action of ejectment.  Reversed.

*Edwin H. Flueck*, for appellant.
*Smith & Cole*, for respondents.

MOUNT, J.—This action was brought by the plaintiffs to
eject the defendant from the occupation of a certain strip of
land, the title of which was alleged to be in the plaintiffs.
The answer of the defendant was a denial of the allegations of
the complaint and an allegation of adverse possession.  The
cause was tried to the court without a jury.  Findings and
a judgment of ouster were entered in favor of the plain-
tiffs.  The defendant has appealed from that judgment.

It appears that the respondents and one W. J. Lewis own
adjoining tracts of land on the south side of Lake Sam-

[1]Reported in 106 Pac. 626.

mamish, in King county. The land belonging to respondents lies to the west of the land owned by Mr. Lewis. The land owned by each of these parties was acquired from a common source. Mr. Lewis leased to the appellant a strip forty feet in width along the west side of his tract, to be used for a logging railroad. The railroad was constructed, and respondents now claim that the railroad is located upon their land and not upon the land of Mr. Lewis. The sole question in the case is the location of the boundary line between the two tracts of land. Mr. Lewis acquired his title in October, 1902, the description in the deed reading as follows:

"Commencing at the quarter corner between sections 18 and 19, township 24, north, range 6 East, W. M., running thence north along the northerly and southerly center line of said section 183,908 feet to the low water line of Lake Sammamish; thence along the said water line of said Lake Sammamish north 67¼ degrees west 265 feet; thence north 25½ degrees west 268 feet; thence north 50 degrees west 192 feet; thence north 43 degrees west 271 feet; thence north 86 degrees west 47 feet; thence south 29 degrees west 515 feet; thence south 51¾ degrees west 113 feet; then leaving the lake shore and parallel with said northerly and southerly center line of said section 184,013 feet to the southerly boundary line of said section 18; thence easterly along the said southerly boundary line of said section 18 1,020 feet to the place of beginning, containing 100 acres more or less."

Respondents acquired their tract in May, 1905, and the description in their deed reads as follows:

"Beginning at the southwest corner of lot 1, section 18, township 24 north, range 6 east; thence east along the south line of said lot and said line projected about 1,620 feet more or less to a point 1,020 feet west of the center line of said section 18; thence north parallel to the north and south center line of said section 1,325 feet to the shore of Lake Sammamish; thence northwesterly along the shore of said lake 1,882 feet more or less to the northwest corner of said fractional section 18; thence south along the west line of said section 1,975 feet to the point of beginning, excepting a ten-acre tract 660 feet by 660 feet in the southwest corner

of said lot 1 heretofore sold to Chris Hanson by A. D. and T. McMahon, containing 52 acres."

It will be noticed that the boundary line running north and south in the description is said to be "parallel with said northerly and southerly center lines of said section." It will also be noticed that Mr. Lewis acquired his tract of land some two years prior to the time the respondents acquired the adjoining tract on the west. It is not disputed in the case that the distance across the north boundary of Mr. Lewis' tract on a right line, between the boundary on the east and the boundary on the west, is 1,080 feet as shown by the angles and distances contained in the description thereof, and it is not disputed that the distance across the south boundary or center of the section is 1,020 feet. It is apparent, therefore, that the lines on the east and west sides of the tract in dispute cannot be parallel with the center line between the two tracts, because there is a difference of sixty feet between the width of the tract on the north and the width on the south. The center line dividing the two tracts is not, and cannot be, parallel with the line on the east. The end measurements must control and must locate the dividing line which was established by such measurements. The deed running to the appellant was a prior deed, and of course controls the subsequent deed to the respondents where there is any conflict. It is apparent, however, that the later description was made with reference to the former and was not intended to overlap the former description.

There is some dispute as to the exact location of the stakes marking the dividing line upon the ground. But it is reasonably certain that, if the width of Mr. Lewis' tract of land is 1,080 feet on the north, then no part of appellant's railroad is located upon respondents' land, respondents' main contention being that the width of the Lewis tract was only 1,020 feet. It is a settled rule that, where a party seeks to acquire possession of land by ejectment, the burden is upon

him to establish his legal title to such land. *Suksdorf v. Humphrey*, 36 Wash. 1, 77 Pac. 1071.

We think there can be no doubt in this case that the respondents' evidence fails to establish title to the land occupied by the railroad, because it fails to show where the dividing line is located upon the ground, as required by the senior deed. The trial court was impressed with the fact that this line had not been located, because in rendering the decision he said, "These people ought to have these lines established." The court was of the opinion, however, that a determination of the location of the dividing line was not essential to the case. The exact location of that line was probably not essential, provided the tract of land owned by Mr. Lewis was of uniform width of 1,020 feet, but since the width thereof is 1,080 feet at the north, it is apparent that the respondents are attempting to claim about sixty feet more than they actually own, and it was therefore essential to establish the line so as to show that appellant was occupying respondents' land.

The judgment must therefore be reversed and the cause dismissed.

Crow and Dunbar, JJ., concur.

Parker, J. (concurring)—I concur in the result, but think the western boundary of the Lewis tract is parallel with and 1,080 feet west of the center line of the section, and that the 1,020 feet of the last call in the deed is controlled by the course of the west boundary, since that distance purported to run to a fixed point. I do not think the evidence shows any attempt by the parties to the deed to fix the southwest corner upon the ground; hence it is determinable by the language of the description alone.

Rudkin, C. J., concurs with Parker, J.