[Nos. 30081, 30128.   Department One.   April 10, 1947.]

THE STATE OF WASHINGTON *on the Relation of Patrick A. Heney, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Chester A. Batchelor, Judge, Respondent.*

PATRICK A. HENEY, JR., *Appellant,* v. BERNICE B. HENEY, *Respondent.*[1]

[1] Reported in 179 P. (2d) 323.

*Henry Clay Agnew*, for relator and appellant.

*Padden & Moriarty* and *Ivan Merrick, Jr.*, for respondent.

MILLARD, J.—The interlocutory order entered in the action brought by Patrick A. Heney, Jr., against his wife for a divorce, required plaintiff to pay defendant seventy-five dollars monthly to the wife for herself and seventy-five dollars monthly for the minor child of the parties.

In *Heney v. Heney*, 24 Wn. (2d) 445, 165 P. (2d) 864, on appeal of the wife, we modified that order. We directed that the proviso which follows the order in the decree from which the appeal was taken, that the husband pay to the wife seventy-five dollars a month for her support and a like sum for the support and maintenance of her daughter, be stricken from the decree. The proviso which we directed be stricken, reads as follows:

" ' . . . provided that, any and all sums which the defendant, Bernice B. Heney, receives from the trustee of the estate of Katherine L. Heney, deceased mother of the plaintiff, shall be credited to the aforementioned allowances.' "

We said that we saw no special reason for the quoted proviso, and if the trustees of the estate of the deceased mother of the plaintiff should exercise the power given in the will to pay additional sums for the maintenance of the appellant and her daughter,

" ' . . . as may be necessary in case of sickness, need or emergency, or under such other contingencies as, in the opinion of the Trustees, justify such additional expenditures, . . .' "

the proviso would enable plaintiff to avoid the payment of obligations which he alone should discharge. Our opinion was filed February 13, 1946.

No petition for rehearing was filed, and on March 16, 1946, our remittitur was sent down to the superior court requiring it to modify the order in accordance with our opinion. On motion of plaintiff for entry of final decree of divorce, the trial court entered final decree March 23, 1946, which final decree is in conformity to mandate of this court that the proviso quoted above be stricken from the decree.

On April 30, 1946, the modified interlocutory decree was entered. No appeal was or could have been taken from the decree entered by the trial court. If the plaintiff deemed that the modified interlocutory order did not express the real judgment of this court because of error, we could have recalled the remittitur if, at any time, application therefor had been made for the purpose of correcting the mistake or enforcing the decree.

If plaintiff had been dissatisfied with the decree entered by the trial court upon the remittitur, he could have petitioned this court to correct that decree. No petition for correction of the decree was ever made by plaintiff, hence it is too late for plaintiff to raise any objection to the decree, which now provides that any and all sums which his divorced wife receives from the trustee of the estate of his deceased mother shall not be credited to the allowances for alimony and support of the divorced wife and the child of the parties.

June 17, 1946, Patrick A. Heney, Jr., filed a petition in the superior court for King county that the decree allowing seventy-five dollars monthly for the minor child be reviewed and modified to conform to changed circumstances. At the same time, plaintiff sought an order restraining defendant from levying a writ of execution against the property awarded to plaintiff, in the wife's effort to collect the amount she claims to be due on the award to her and the child.

As the parties could not agree upon the amount due to defendant under the decree as modified by this court, plaintiff filed a petition to have the superior court fix such amount. He alleged in his petition that the executors of the estate, while the estate was in probate, and the trustees

thereafter, under the trust provision in the will, treated the three hundred dollars monthly fixed by the terms of the will to be given to defendant as in full force and effect; however, from the date of the original interlocutory order, the executors paid the three hundred dollars by paying one hundred fifty dollars to plaintiff and giving the remaining one hundred fifty dollars to defendant in payment of her alimony. It is not denied that defendant received the one hundred fifty dollars monthly from the executors of the estate of the plaintiff's deceased mother and later from the trustees, but it is denied that plaintiff ever paid to her personally any amount. After the remittitur from this court was filed in superior court, plaintiff gave a letter to the trustees directing them to pay out of the three hundred dollars, one hundred fifty dollars a month direct to defendant. Under this arrangement, it is argued that the three hundred dollars monthly is charged to plaintiff, and after the charge is entered, one hundred fifty dollars is then sent to defendant.

The trial court, conformable to the decree which was amended pursuant to mandate of this court, entered an order August 29, 1946, denying plaintiff's motion for a restraining order, and awarded judgment in favor of defendant from the date of the original interlocutory order, in the sum of one hundred fifty dollars monthly; that is, the court held that payments made by the trustees of the trust created by plaintiff's deceased mother should not be credited to plaintiff as a fulfillment of any of the terms of the interlocutory decree of divorce entered March 25, 1944, as amended by the modification of April 30, 1946. Plaintiff appealed.

There is another provision in the will of appellant's deceased mother, in addition to the emergency clause section quoted above, reading as follows:

"Said trustees shall, out of said trust estate, pay to my son Patrick A. Henry, Jr., so long as he shall live, the sum of Three Hundred Dollars ($300.00) per month; provided, however, that said monthly payment of $300.00 is intended by me for the use of my son and his family, now consisting

of himself, his wife Bernice, and daughter Barbara Anne, and in the event my said son shall, in the judgment of my trustees, fail properly to provide for his wife Bernice, and his child or children, or shall fail and refuse to live with and provide a home for them, then in that event, said trustees shall have the power and duty to allocate said monthly sum of $300.00 in such portions as they shall deem just and proper for the support, maintenance, or education of said wife, child or children, and the balance for the use of my said son. And during the life of said trust, the said trustees shall pay out of said trust fund the taxes upon the home of my said son."

Counsel for appellant contends that to require appellant to pay the back alimony and to permit respondent to retain the funds paid to her by trustees of the estate of appellant's deceased mother, constitute double alimony.

It should be borne in mind that the proviso in the original interlocutory order that all sums which respondent received from the trustees of the estate of the plaintiff's deceased mother should be credited to the allowances awarded to respondent, was, by judgment of this court, stricken from the decree. The decree as modified provides that all sums which respondent received or may receive from the estate of appellant's deceased mother shall not be credited to the awards to respondent by the divorce decree. In other words, we refuse to countenance a proviso which would enable the appellant to avoid the obligations which he alone should discharge. It was our intention that, if the trustees paid to the respondent money to which she was entitled under the will in case of sickness, need, or emergency, or under such other contingencies as in the opinion of the trustees justified such additional expenditures, appellant should receive no credit for such payments.

One of the sections of the will quoted above provides that, in the event appellant, in the judgment of the trustees, failed properly to provide for his wife and his child or children, or failed and refused to live with and provide a home for them, the trustees were authorized and it was made their duty to allocate such portions of the monthly sum of three hundred dollars as the trustees deemed just and proper for

the support, maintenance, or education of the wife, child or children, and the balance of the three hundred dollars for the use of the son of the testatrix.

■ In view of the provisions of the will and the judgment of this court that the sums paid by the trustees of the estate are not to be credited to the allowances under the divorce decree to respondent, there is no need for interpretation of the language of the will, and the opinion of this court is clear. Appellant is required to pay the obligations fixed by the decree. If those obligations are paid by someone else on behalf of appellant, appellant is precluded from credit therefor against the allowances due from him to respondent, his wife.

The original decree was entered March 25, 1944. The trustees of the will of appellant's mother commenced April 10, 1945, to pay to respondent in excess of two hundred dollars a month by authority given by the above-quoted provisions of the will, which practice was continued until the month of July, 1946. In August, 1946, appellant in writing directed the trustees to pay one hundred fifty dollars of the sum the respondent had received, to the appellant, and by some bookkeeping process purported to have the one hundred fifty dollars come from appellant to respondent.

Appellant is not entitled to any credit for the payments made by the trustees of the will of his mother. The modified decree correctly recites the intention of this court that appellant may not avoid payment of obligations which he alone should discharge, and may not be given credit for payments made by the trustees of the estate of appellant's deceased mother.

■ The appeal and appellant's petition for writ of certiorari were consolidated for hearing by this court. It is patent that the petition for writ of certiorari should be denied, as appellant had an adequate remedy by appeal.

The argument that certiorari is proper in the case at bar in view of the fact that the trial court did not strictly follow the mandate of this court, is without merit. As stated in the early part of this opinion, we lost jurisdiction

of the cause when the remittitur was sent down to the superior court. If through some error the decree entered by the trial court upon the remittitur did not express the real judgment of this court, we would have recalled the remittitur if timely application had been made therefor for the purpose of correcting the mistake or enforcing the judgment.

Appellant was satisfied with the modified decree. He did not at any time petition this court to recall the remittitur. because of the trial court's misinterpretation of our opinion and entry of a judgment contrary to the directions of this court. Appellant is now seeking construction of that judgment requiring him to pay certain sums to respondent to mean what it says. Appellant's prayer that the court apply certain voluntary payments, made by the trustees of the estate of his deceased mother during a portion of the period under consideration, and specifically exempted by prior proceedings, to a judgment which he is required to pay, is denied.

The petition for writ of certiorari is denied, and the judgment from which the appeal is taken is affirmed.

MALLERY, C. J., SIMPSON, SCHWELLENBACH, and ABEL, JJ., concur.

May 29, 1947. Petition for rehearing denied.