[No. 862-3.   Division Three.   December 11, 1973.]

MYRON S. FOSTER, JR., et al., Appellants, v. RONALD L. KNUTSON et al., Respondents.

Earl W. Foster (of Dow & Foster), J. Harold Anderson, and Terrence M. McCauley, for appellants.

Melvin F. Buol (of Keller, Rohrback, Waldo, Moren & Hiscock) and Frederick M. Crollard, Jr., for respondents.

MUNSON, J.—Plaintiffs move, pursuant to CR 60(a), for correction of the judgment, findings of fact, conclusions of law, and the original complaint in a mortgage foreclosure action. Plaintiffs seek to have a legal description of part of

the real property, as it is now set forth in the documents referred to above, replaced by a different legal description.

Prior to filing the original complaint, plaintiffs sought, and obtained, from a title insurance company, the description of the properties upon which they desired to foreclose. In their complaint they sought a monetary judgment and foreclosure of a mortgage involving numerous parcels of real property. They incorporated the description of those properties in a document identified as exhibit H which was attached to their complaint. At the commencement of the trial, plaintiff stipulated that only those properties listed in exhibit H were being foreclosed. The court awarded a monetary judgment in favor of plaintiffs and foreclosed the mortgage against those properties listed in exhibit H. One such property was entitled "(Parcel III-A. Sunnyslope Farms Residence)."

After entry of judgment and notice of appeal, plaintiffs learned the legal description of the aforenamed piece of property related only to the residence and omitted the surrounding farmland. They seek to amend the complaint, findings of fact, conclusions of law and judgment to include a legal description which encompasses the residence plus the surrounding farmland, claiming that the alleged omission was a clerical mistake, and the requested relief can be granted under CR 60(a).[1]

This court cannot grant such a motion, since under CR 60(a) only a superior court is given the authority to so act. We conceive the motion more properly as a CR 60(a) motion to remand the matter to the superior court for its consideration of the requested relief. *Malott v. Randall*, 7 Wn. App. 753, 502 P.2d 1249 (1972).

---

[1]"Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is filed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court having jurisdiction of the cause."

While we do not consider the merits of the motion, we must determine whether the plaintiffs have made a sufficient showing to warrant us to authorize the superior court to exercise its own judicial discretion. Considering the motion in this vein, the relief requested cannot be termed the correction of a clerical mistake. In *In re Merry Queen Transfer Corp.*, 266 F. Supp. 605 (E.D.N.Y. 1967), at page 607 the court stated:

> The term "clerical mistake" does not mean that it must be made by a clerk. The phrase merely describes the type of error identified with mistakes in transcription, alteration or omission of any papers and documents which are traditionally or customarily handled or controlled by clerks but which papers or documents may be handled by others. It is a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney.

The action requested by plaintiffs involves an issue of substance rather than a mere mechanical mistake. *Cf. County of Imperial v. United States*, 348 F.2d 904 (9th Cir. 1965); *United States v. Stuart*, 392 F.2d 60 (3d Cir. 1968).

The matter was submitted to the court upon the description set forth in the complaint. A stipulation that only those properties listed in exhibit H were being foreclosed, was agreed to by the plaintiff. Hence, the judgment and other documents do embody that which the court intended to foreclose, based upon the record before it. As such, there was not a "clerical mistake."

Plaintiffs' motion is denied.

GREEN, C.J., and McINTURFF, J., concur.