[No. 1121-3.   Division Three.   March 26, 1975.]

ARVIN MARCHEL, *Appellant*, v. MARY ELLEN BUNGER *et al*, *Respondents*.

*Kenneth C. Hawkins*, for appellant.

*Joseph Panattoni* (of *Panattoni & Gorrie*), for respondents.

GREEN, J.—Plaintiff appeals from an order granting defendants' motion for summary judgment and correcting an alleged clerical error in a real estate description contained in a previous judgment. The propriety of this summary order presents the sole issue on appeal.

This case has its origin in other proceedings. In 1966 the present defendant, Ellen Bunger, commenced an unlawful detainer action (cause No. 16490) against the plaintiff, Arvin Marchel, whose building allegedly encroached on the Bunger property. The complaint in that action described the Bunger property as follows:

Block 61, STATE ADDITION TO THE CITY OF ELLENSBURG No. 1, in the County of Kittitas, State of Washington, as per plat thereof recorded in Book 2 of Plats, page 48, records of said County, EXCEPT:

1. A tract of land bounded by a line beginning at the northwest corner of said Block; thence east along the north line of said Block, 120 feet, more or less, to the intersection with a drainage ditch now in existence on said premises; thence southwesterly along said drainage ditch, 132 feet; thence westerly 87.5 feet to a point in the west line of said Block 61, 132 feet south of the northwest corner thereof; thence north 132 feet to said northwest corner and the point of beginning.

Following trial, the court entered findings of fact that no open drainage ditch presently existed along the north line of the tract and redescribed the property contained in exception No. 1 of the description, as follows:

1. A tract of land bounded by a line beginning at the northwest corner of said Block; thence east along the north line of said Block, 120 feet [*more or less, to the intersection with a drainage ditch now in existence on said premises*], thence southwesterly 132 feet; thence westerly 87.5 feet to a point in the west line of said Block 61, 132 feet south of the northwest corner thereof; thence north 132 feet to said northwest corner and the point of beginning.

(Italics ours.) The bracketed italicized phrase was dropped from the description contained in the complaint. The court found that the building encroached on the Bunger property and a judgment was entered restoring possession of the property to Bunger. The exception was set out in the judgment as follows:

1. A tract of land bounded by a line beginning at the north west corner of said Block; thence east along the north line of said Block, 120 feet; thence southwesterly 132 feet; *thence southwesterly 132 feet*; then westerly 87.5 feet to a point in the west line of said Block 61, 132 feet south of the northwest corner thereof; thence north 132 feet to said northwest corner and the point of beginning.

(Italics ours.) Consistent with the findings of fact, the "more or less" phrase contained in the complaint is omitted in the judgment. However, the repetitious southwesterly course not contained in the complaint or findings of fact is

contained in the judgment. No appeal was perfected from this judgment.

In 1969, Marchel commenced a quiet title action (cause No. 17289), alleging that the judgment in cause No. 16490 was based upon an erroneous map. Summary judgment was granted dismissing the complaint with prejudice. Marchel filed a notice of appeal but, again, the appeal was not perfected.

In 1973, Marchel commenced the present action (cause No. 18839), alleging that the judgment in cause No. 16490 is based upon a metes and bounds description that does not close and since the judgment cannot be modified or altered after the lapse of 1 year, title to the property should be quieted in him. RCW 4.72.010-.020; CR 60(b). The defendants Bunger and her successors in interest, Chamness, moved for summary judgment, claiming that the action was barred by the judgment in cause No. 16490. In granting the motion, the trial court first ordered that:

> [I]n accordance with Rule 60(a) of the Rules for Superior Court, *the Court herewith corrects a clerical error* in that certain Judgment, dated the 23rd day of June, 1966, in Kittitas County Cause No. 16490 . . .

(Italics ours.) The judgment in cause No. 16490 was corrected by eliminating the repetitious southwesterly course and adding the words "more or less" to the first course of the description.

Two issues are presented: (1) Was the erroneous description contained in the judgment entered in cause No. 16490 due to a "clerical error" which the trial court could properly correct pursuant to CR 60(a)? and (2) as corrected, is that judgment a bar to the present action?

CR 60 provides:

> (a) Clerical Mistakes. Clerical mistakes in judgments . . . *arising from oversight or omission may be corrected by the court at any time* . . .

(Italics ours.)

Marchel contends that the errors in the judgment in

cause No. 16490 are not "clerical error" but "judicial error" not subject to correction under CR 60(a). We find clerical rather than judicial error.

■ A judicial error involves an issue of substance; whereas, a clerical error involves a mere mechanical mistake. The test for distinguishing between "judicial" and "clerical" error is whether, based on the record, the judgment embodies the trial court's intention. *Foster v. Knutson*, 10 Wn. App. 175, 177, 516 P.2d 786 (1973); 46 Am. Jur. 2d *Judgments* § 209 (1969).

The repetitious course "thence southwesterly 132 feet" contained in the judgment does not appear in the complaint or the court's findings of fact. It is clear upon a consideration of this record that the repetitious course in no way embodies that which the court intended. Consequently, the trial court in the present action properly corrected the earlier judgment by eliminating the repetition as clerical error, pursuant to CR 60(a).

On the other hand, the trial court erred when it added the words "more or less" to the description contained in the earlier judgment. The phrase "more or less, to the intersection with a drainage ditch now in existence on said premises" contained in the complaint was eliminated from the description in the findings of fact after the court found that no drainage ditch presently existed. In this respect, the judgment precisely follows the findings and embodies that which the court intended.

The error, if any, was judicial in nature and not subject to correction as clerical error under CR 60(a).

■ Additionally, Marchel contends that the description does not close because the terms "westerly" and "southwesterly" contained in the description mean "due west" and "due southwest." We disagree. These terms mean in a general southwesterly or westerly direction. *Fosburgh v. Sando*, 24 Wn.2d 586, 588, 166 P.2d 850 (1946); *Groeneveld v. Camano Blue Point Oyster Co.*, 196 Wash. 54, 60, 81 P.2d 826 (1938); *Perry v. Reynolds*, 63 Idaho 457, 122 P.2d 508 (1942); *Sime v. Spencer*, 30 Ore. 340, 47 P. 919, 920 (1897);

*see also* 39A *Words and Phrases, Southeasterly* 59-61 (1953). There being three fixed points in the description, it is evident that the southwesterly and westerly courses join at a fixed point and thus the description closes, and Marchel's contention to the contrary is without merit.

The order granting summary judgment is affirmed, except as to that portion which adds the words "more or less" to the legal description, which is reversed, so that the property description is corrected to read:

> Block 61, STATE ADDITION To THE CITY OF ELLENSBURG No. 1, in the County of Kittitas, State of Washington, as per plat thereof recorded in Book 2 of Plats, page 48, records of said County, EXCEPT:
>
> 1. A tract of land bounded by a line beginning at the northwest corner of said Block; thence east along the north line of said Block, 120 feet; thence southwesterly 132 feet; thence westerly 87.5 feet to a point in the west line of said Block 61, 132 feet south of the northwest corner thereof; thence north 132 feet to said northwest corner and the point of beginning.
>
> 2. The east 256 feet of said Block.

McINTURFF, C.J., and MUNSON, J., concur.

Petition for rehearing denied April 30, 1975.

Review denied by Supreme Court June 24, 1975.