HELBLING BROS., INC., *Respondent*, v. ORAN O. TURNER, ET AL, *Appellants*.

*James D. McMannis*, for appellants.

*Charles O. Shoemaker, Jr.*, for respondent.

MUNSON, J.—Oran O. Turner and Mary K. Turner appeal from an amended summary judgment granted in favor of the respondent, Helbling Bros., Inc., obtained pursuant to a judicial foreclosure of a deed of trust.

Appellants contend the trial court erred in: (1) amending its original summary judgment to include language expressly granting the respondent a deficiency judgment, and (2) permitting the award of a deficiency judgment upon foreclosure of a deed of trust. We affirm.

On December 28, 1970, these parties executed a promissory note and a deed of trust pursuant to the provisions of the deed of trust act, RCW 61.24. Subsequently, the appellants failed to make the necessary payments as required by the promissory note. On February 13, 1974, the respondent commenced this action to foreclose the deed of trust. On March 29, 1974, the respondent was granted a summary judgment which stated in part: "Plaintiff is entitled to judgment of foreclosure in accordance with the demand of its complaint and the affidavit supporting its motion." The court also entered a decree of foreclosure providing that the property be sold by the county sheriff at public auction

subject to a statutory right of redemption. The summary judgment did not expressly provide for a deficiency judgment.

The sheriff caused a notice of sheriff's sale of real property to be published for 4 consecutive weeks, advising that the property would be sold on May 3, 1974. The property was sold to a third party; however, the proceeds received were not sufficient to satisfy the debt. Respondent then sought to obtain a deficiency judgment; the appellants objected because the summary judgment failed to expressly provide for a deficiency judgment as required by RCW 61.12.070.[1] Additionally, appellants contend the respondent, having entered into a deed of trust, was precluded from seeking the entry of a deficiency judgment.

Appellants' contention that the summary judgment was not subject to amendment pursuant to the terms of CR 60 is without merit. CR 60(a) provides:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

The facts presented before this court evidence that: (1) the deficiency judgment was prayed for in the complaint; (2) the order granting the motion for summary judgment stated: "Plaintiff is entitled to judgment of foreclosure in accordance with the demand of its complaint and the affidavit supporting its motion"; (3) the decree of foreclosure stated: "that plaintiff was entitled to the relief prayed for in its complaint"; (4) foreclosure was not pursuant to the terms of RCW 61.24.040; and (5) the court stated in its memorandum decision, which was incorporated in the amended judgment, that it was the intention of the court to

---

[1] "When there is an express agreement for the payment of the sum of money secured contained in the mortgage or any separate instrument, the court shall direct in the decree of foreclosure that the balance due on the mortgage, and costs which may remain unsatisfied after the sale of the mortgaged premises, shall be satisfied from any property of the mortgage debtor: . . ."

award a summary judgment in accordance with the complaint.

In light of the aforementioned evidence, the amending of the summary judgment pursuant to CR 60 to include express language providing for a deficiency judgment was without error. *Marchel v. Bunger*, 13 Wn. App. 81, 533 P.2d 406 (1975); *Foster v. Knutson*, 10 Wn. App. 175, 177, 516 P.2d 786 (1973).

■ Appellants' next contention that foreclosure of a deed of trust precludes the entry of a deficiency judgment is not well taken. The language of the deed of trust act contained in RCW 61.24 requires there be an election either to foreclose the deed of trust pursuant to the terms of RCW 61.24.040,[2] or in the alternative, to foreclose the deed of

---

[2] "A deed of trust may be foreclosed in the following manner:

"(1) At least one hundred and twenty days before sale, notice thereof shall be recorded by the trustee in the office of the auditor in each county in which the deed of trust is recorded. At least one hundred twenty days prior to sale copies of the notice shall be transmitted by first class and by certified mail, return receipt requested, to each person who has an interest in or lien or claim of lien against the property or some part thereof, provided such interest, lien or claim is of record at the time the notice is recorded, and provided the address of such person is stated in the recorded instrument evidencing his interest, lien or claim or is otherwise known to the trustee. If a court action to foreclose a lien or other encumbrance on all or any part of the property is pending and a lis pendens in connection therewith is on file on the date the notice is recorded in the office of the auditor pursuant to subdivision (1) of this section, a copy of the notice shall also be transmitted by first class and by certified mail, return receipt requested, to the plaintiff or his attorney of record. The copy of the notice shall be transmitted to the address to which such person shall have in writing requested the trustee to transmit the notice and if there has been no such request, to the address appearing in the recorded instrument evidencing his interest, lien or claim, and if there be neither such request nor record address, to the address otherwise known to the trustee. In addition, at least one hundred twenty days prior to sale, a copy of the notice shall be posted in a conspicuous place on said premises; or in lieu of posting, a copy of the notice may be served upon any occupant of said real property in the manner in which a summons is served, said service to be at least one hundred twenty days prior to sale.

"(2) The notice aforesaid shall indicate the names of the grantor, trustee and beneficiary of the deed of trust, the description of the property which is then subject to the deed of trust, the book and page

trust as a mortgage, as provided for in RCW 61.24.100:

Foreclosure, as in this chapter provided, shall satisfy the obligation secured by the deed of trust foreclosed, regardless of the sale price or fair value, and no deficiency decree or other judgment shall thereafter be obtained on such obligation. *Where foreclosure is not made under this chapter*, the beneficiary shall not be precluded from enforcing the security as a mortgage nor from enforcing the obligation by any means provided by law.

(Italics ours.) *Cf. Peoples Nat'l Bank v. Ostrander*, 6 Wn. App. 28, 491 P.2d 1058 (1971); *The Trust Deed Act in Washington*, 41 Wash. L. Rev. 94, 98, 104 (1966).

Where an individual elects to foreclose the deed of trust pursuant to the terms of RCW 61.24.040, the terms of RCW 61.24.100 are made operative, precluding the entry of a deficiency judgment or establishing a redemption period.[3] Respondent, not having elected to foreclose the deed of

---

of the book of record wherein the deed of trust is recorded, the default for which the foreclosure is made and the date by which the default must be cured in order to cause a discontinuance of the sale, the amount or amounts in arrears if a default is for failure to make payment, the sum owing on the obligation secured by the deed of trust, and the time and place of sale.

"(3) A copy of the notice aforesaid shall be published in a legal newspaper in each county in which the property or any part thereof is situated, once weekly during the four weeks preceding the time of sale.

"(4) The trustee shall sell the property in gross or in parcels as it shall determine, at the place and during the hours directed by statute for the conduct of sales of real estate at execution, at auction to the highest bidder.

"(5) The purchaser shall forthwith pay the price bid and on payment the trustee shall execute to the purchaser its deed; the deed shall recite the facts showing that the sale was conducted in compliance with all of the requirements of this chapter and of the deed of trust, which recital shall be prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value.

"(6) The sale as authorized under this chapter shall not take place less than six months from the date of default in the obligation secured."

[3]"After sale, as in this chapter provided, no person shall have any right by statute or otherwise to redeem from the deed of trust or from the sale." RCW 61.24.050; *see* Leen, Galbraith, Gant, *Due Process and Deed of Trust—Strange Bedfellows?* 48 Wash. L. Rev. 763 (1973).

trust pursuant to the terms of RCW 61.24.040, was not precluded from obtaining a deficiency judgment.

Judgment affirmed.

MCINTURFF, C.J., and GREEN, J., concur.