[No. 1708-3.   Division Three.   March 26, 1976.]

Arvin Marchel, *Appellant,* v. Mary Ellen Bunger, et al, *Respondents.*

*Kenneth C. Hawkins,* for appellant.

*Dano, Cone & Fraser* and *Robert L. Fraser,* for respondents.

Per Curiam.—Arvin Marchel appeals an order requiring the removal of his house from property owned by the respondents. The order was entered subsequent to the issuance of this court's mandate (remittitur) in *Marchel v. Bunger,* 13 Wn. App. 81, 533 P.2d 406 (1975). Respondents move to dismiss the appeal because: (1) it is frivolous, (2) it is taken only for delay, and (3) no appeal bond has been filed as required by CAROA 22. The motion would be well taken if the challenged order was appealable; however, it is not.

An appeal cannot be taken from an order entered by a trial court in conformance with the remittitur of this court. *State ex rel. Heney v. Superior Court,* 27 Wn.2d 608, 179 P.2d 323 (1947); *Tucker v. Brown,* 20 Wn.2d 740, 772, 150 P.2d 604 (1944); *Corbaley v. Pierce County,* 197 Wash. 102, 84 P.2d 666 (1938); *Frye v. King County,* 157 Wash. 291, 289 P. 18 (1930); *Rochester v. Seattle, R. & S. Ry.,* 75 Wash. 559, 135 P. 209 (1913); *Albin v. Seattle Elec. Co.,* 46 Wash. 420, 90 P. 435 (1907). If a trial court misinterprets

our opinion and enters an order contrary to the opinion, the proper procedure for the aggrieved party is to move this court for the recall of its remittitur so as to require the trial court to enter a proper order. *Tucker v. Brown, supra, Frye v. King County, supra.*

We have considered the attempted appeal as a motion to recall the remittitur. In light of the trial court's order, the survey upon which it was based, and the appellant's argument on respondent's motion as well as on appellant's prior motion to stay the effective date of the challenged order, we find that the order conforms to our mandate. The motion to recall the remittitur is denied and the appeal is dismissed.