[No. 27250-1-I.    Division One.    May 4, 1992.]

*In the Matter of the Marriage of* BRADFORD M. KING,
*Appellant, and* TAMMY LORRAINE KING,
*Respondent.*

*Grace S. Wagner,* for appellant.

*Lisa M. Taplin,* for respondent.

GROSSE, C.J. — Bradford M. King appeals the order of the trial court denying his motion to amend an arbitrator's

ruling in regard to modification of child support. Tammy Lorraine Offield, the former Mrs. King, is the respondent.

Child support was set for regular review in 1989. A hearing was held in October before the assigned arbitrator, Russ Juckett. On November 2, 1989, the arbitrator issued a decision.[1] After the decision was made, several issues were contested, as evidenced by letters between the arbitrator and respective counsel. The parties, especially Mr. King, requested that the arbitrator address issues not set forth in his decision nor dealt with at the arbitration hearing. The arbitrator addressed these requests by letter.

On December 26, 1989, the arbitrator's decision was confirmed by entry of a judgment on arbitration award. The judgment was signed by Commissioner Kathryn E. Trumbull. It was signed by counsel for both parties. It included the child support amount as indicated on the original worksheet of the arbitrator. Also included in this judgment is a paragraph found at page 3 which states:

> 2) If a support payment as provided for herein is past due, the person entitled to receive support may seek a mandatory wage assignment, a notice of payroll deduction or order to withhold and deliver without prior notice to the person who is obligated to pay said support.

In May of 1990, counsel for Mr. King sent a letter to the arbitrator requesting he amend and correct the decision. The request stemmed from the observance that Mr. King had not been given credit for the health insurance premiums in the calculation of the child support on the arbitrator's worksheet. Additionally, Mr. King requested that the arbitrator insert what he alleges is mandatory statutory language pertaining to wage assignments under RCW 26.18 (RCW 26.18.070(1)). Mr. King then asked the arbitrator to file a motion to amend with the court. The

---

[1]The complete decision of the arbitrator is not part of the record before this court as no copy of a letter referenced in the award was attached to it. However, the worksheet for the computation of the child support as prepared by the arbitrator is included in Mr. King's brief. This worksheet is at the heart of the appeal and will be discussed.

amended award was then to be filed with the Superior Court for its approval or denial.

A review of the child support worksheet in the decision of the arbitrator reveals that the arbitrator did not follow through and complete the math required by lines 8(e) and (f). That math would also change lines 11 and 12 of the worksheet resulting in a change in line 13 which is the total support obligation amount. Further, the credit due on line 14 was omitted. The omission changes the amount on line 15 which is the net support obligation.

In early July, Mrs. Offield challenged the arbitrator's jurisdictional authority to correct his own subtraction mistake and omission and to apply to the Superior Court to correct the award. At this time the arbitrator learned the order or judgment on the arbitration award had been filed. Therefore, he referred both parties to the Superior Court.

In late July, Mr. King filed a motion to amend the arbitrator's award to correct the mathematical error and to insert the "mandatory" language pursuant to statute. He based his motion upon the legal memorandum he filed and the affidavit of arbitrator explaining the mathematical errors and omissions he made on the original worksheet.

In August, the motion was heard before the trial court. At this time counsel for Mr. King argued to amend pursuant to MAR 6.2[2] and, in the alternative, pursuant to CR 60. On November 6, 1990, the court denied the motion ruling Mr. King did not timely pursue his remedies for errors or omissions in an arbitrator's ruling by either filing a timely motion to amend or a motion to reconsider prior to the entry of the judgment on the award. The court also noted Mr. King did not request a trial de novo within 20 days of the filing of the arbitrator's decision. *See* MAR 6.3. The

---

[2]MAR 6.2 provides in pertinent part:

"Within 14 days after the conclusion of the arbitration hearing, the arbitrator shall file the award with the clerk of the superior court, with proof of service of a copy on each party. . . . The arbitrator may file with the court and serve upon the parties an amended award to correct an obvious error made in stating the award if done within the time for filing an award or upon application to the superior court to amend."

court also held the availability of relief from, or correction of, the judgment pursuant to CR 60 was not appropriate or available because Mr. King missed many opportunities to pursue his remedies, and further, the error complained of was substantive in nature rather than a mere clerical mistake. The trial court also rejected the addition of any "mandatory" language to its order regarding actions for past due child support and notice thereof. From these determinations, Mr. King appeals.

Mr. King argues for amendment under MAR 6.2. However, MAR 6.3 precludes him from attacking the decision except by a motion to vacate under CR 60.[3] Therefore, the trial court was technically correct in denying the motion to amend under MAR 6.2.

However, CR 60 was also argued to the trial court. Counsel for Mrs. Offield argues that Mr. King may not request vacation or amendment of the judgment pursuant to CR 60 for the first time on appeal. However, CR 60 was before the court as a ground for relief at the hearing on the motion. Additionally, CR 60(a) specifically allows the court to correct clerical mistakes at any time on its own initiative. CR 60(a) provides:

> **(a) Clerical Mistakes.** Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. Such mistakes may be so corrected before review is accepted by an appellate court, and thereafter may be corrected pursuant to RAP 7.2(e).

■ The trial court indicated the mistake in the arbitrator's decision was one of substance and not a clerical mistake. Recently, this court in *In re Marriage of Getz*, 57

---

[3]MAR 6.3 states:

"If within 20 days after the award is filed no party has sought a trial de novo under rule 7.1, the prevailing party on notice as required by CR 54(f) shall present to the court a judgment on the award of arbitration for entry as the final judgment. A judgment so entered is subject to all provisions of law relating to judgments in civil actions, but it is not subject to appellate review and it may not be attacked or set aside except by a motion to vacate under CR 60."

Wn. App. 602, 604, 789 P.2d 331 (1990) explained the difference between error that can be corrected under CR 60(a) and judicial error (here error imputed to the arbitrator) as follows:

> [I]f the trial judge signs a decree, through misplaced confidence in the attorney who presents it, or otherwise, which does not represent the court's intentions in the premises, an error contained therein may be corrected under Rule 60. The testimony of the trial judge signing the judgment or decree will be received in this connection.
>
> A comparison of the clear evidence adduced on the trial and the findings of fact with the provisions of the judgment or decree entered may reveal that the error was clerical. But where there is no evidence of clerical error, and where the "correction" is contrary to the court's findings and contrary to . . . other clear evidence, Rule 60(a) may not be applied to correct the error.
>
> (Citations omitted.) 4 L. Orland, Wash. Prac., *Rules Practice* § 5712, at 540 (3d ed. 1983). Thus, "[t]he test for distinguishing between 'judicial' and 'clerical' error is whether, based on the record, the judgment embodies the trial court's intention." *Marchel v. Bunger*, 13 Wn. App. 81, 84, 533 P.2d 406, *review denied*, 85 Wn.2d 1012 (1975).

Further, the term "clerical mistakes" as used in CR 60(a) includes mechanical mistakes apparent on the record which do not involve matters of substance. *Foster v. Knutson*, 10 Wn. App. 175, 177, 516 P.2d 786 (1973).

Here, the affidavit of the arbitrator sets forth that as the trial judge, he made a mathematical or clerical error in not doing the proper math as required by the worksheet. This error and omission resulted in an improper amount being determined at the end of the worksheet. This is an error of clerical nature that exemplifies the reason CR 60 is in place. It allows the court to correct an error without resort to additional trial. It is a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney. *See In re Merry Queen Transfer Corp.*, 266 F. Supp. 605 (E.D.N.Y. 1967), as cited in *Foster*, 10 Wn. App. at 177. Thus, the court on the motion to amend, or even after notice of the mistake by the arbitrator, should have ordered the judgment amended due to that error. The trial court's deter-

mination that this was a substantive error was incorrect. We therefore remand the case to the Superior Court to correct the clerical error in the arbitrator's decision and correct the order/judgment which resulted therefrom.

■ Next Mr. King claims the trial court erred in rejecting the motion to amend regarding the insertion of statutory language in the order as to notice and wage assignments in enforcement actions. Under RCW 26.18.070(1)(d), a petition or motion seeking a mandatory wage assignment for past due support amounts is required to include a recitation that notice has been given by personal service or by mail requiring a return receipt within a certain time frame, unless the order for support states that the obligee may seek a mandatory wage assignment without notice to the obligor. Here, there is language in the original judgment which arguably satisfies the no notice provision of RCW 26.18.070(1)(d). Moreover, the trial court did not err in refusing to entertain Mr. King's motion because that part of the motion to amend was not timely as it did not pertain to any clerical error amenable to correction under CR 60(a).

■ Both parties have asked for an award of attorney fees pursuant to RCW 26.09.140. In determining whether this court will award fees, we examine the arguable merit of the issues on appeal and the financial resources of the respective parties. *In re Marriage of Griffin*, 114 Wn.2d 772, 779-80, 791 P.2d 519 (1990). Although there is merit to Mr. King's claim for correction of the clerical error, the affidavit filed by Mrs. Offield sets forth the fact that there is little ability on her part to pay. An award of fees is discretionary. We hold that each party shall bear his or her own costs and attorney fees on appeal.

This case is remanded to the Superior Court for action consistent with this opinion.

SCHOLFIELD and BAKER, JJ., concur.

Reconsideration denied June 17, 1992.