IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Marriage of: | ) | No. 30354-3-III |
| | ) | |
| EDGAR V. WATERS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| PAMELLA A. WATERS, | ) | |
| | ) | |
| Respondent. | ) | |

BROWN, J. — Edgar Vernon Waters appeals the trial court's CR 60(a) modification order correcting a clerical error. He mainly contends no clerical error or inconsistency with the court's oral ruling is shown. We disagree, and affirm.

## FACTS

In May 2008, a superior court commissioner ordered Mr. Waters to pay Ms. Waters $29,912 in delinquent child support, found him in willful contempt for nonpayment, imposed $3,000 in sanctions against him, and set a 30-day payment schedule for all sums.[1] Mr. Waters successfully moved a superior court judge to revise

---

[1] This handwritten order states,
Petitioner is in contempt.
. . . .

the commissioner's order. At the revision hearing, Mr. Waters stated, "We are open to those repayment terms, but it is the contempt part that we have a problem with." Clerk's Papers (CP) at 22. In an oral ruling, the trial court stated while Mr. Waters "should be on the hook" to Ms. Waters for his nonpayment, "I am not persuaded that [willful contempt] was the right call to make" and "I think that this is a bit Draconian . . . in terms of repayment." CP at 27. Noting Mr. Waters's financial difficulties, the court stated, "I think that the payment schedule here needs to be looked at, . . . but, hopefully, some reasonable alternative can be found." CP at 28. In sum, the court ruled, "I am going to . . . grant the revision here, so we will need a simple order to reflect that." CP at 28. In June 2008, the court entered a revision order stating "the Commissioner's Order . . . shall not be the order of this Court, and is, accordingly, vacated." CP at 3.

Mr. Waters did not pay the delinquent child support. In July 2011, after collection difficulties, unsuccessful contempt efforts, and complications arising from Mr. Waters's bankruptcy petition, Ms. Waters moved under CR 60(b)(4) to "clarify" the revision order. She argued it was inconsistent with the contemporaneous oral ruling and Mr. Waters exploited this inconsistency to fraudulently prevent her from filing a bankruptcy proof of claim. The trial court granted her motion under CR 60(a), finding an inconsistency,

---

Petitioner shall pay $29,911.96 to Respondent for delinquent child support. Petitioner is in contempt of court for nonpayment of that support. If he pays the full amount plus $3,000 attorney fees to [Respondent's counsel] within 30 days of this date he will purge himself of contempt and those fees will be reduced to $2,000. If Petitioner fails to pay all within 30 days Respondent may proceed under the contempt for sanctions including penalties, additional fees and jail time for petitioner. . . .

Clerk's Papers at 1-2.

2

No. 30354-3-III
*In re Marriage of Waters*

concluding it was a clerical error, and modifying the revision order to uphold Mr. Waters's delinquent child support obligation. Mr. Waters appealed.

ANALYSIS

The issue is whether the trial court erred in modifying the revision order under CR 60(a) to correct a clerical error. Mr. Waters contends the court acted without authority because the revision order did not contain a clerical error and was consistent with the court's oral ruling. We disagree with Mr. Waters.

We review a decision to modify a prior judgment under CR 60(a) for abuse of discretion. *Presidential Estates Apartment Assocs. v. Barrett*, 129 Wn.2d 320, 325-26, 917 P.2d 100 (1996). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997) ("A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard.").

Under CR 60(a), "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party . . . ." But a trial court cannot correct a "judicial error" under this rule. *Presidential Estates*, 129 Wn.2d at 326 (citing *In re Marriage of Getz*, 57 Wn. App. 602, 604, 789 P.2d 331 (1990)). "A judicial

3

error involves an issue of substance; whereas, a clerical error involves a mere mechanical mistake." *Marchel v. Bunger*, 13 Wn. App. 81, 84, 533 P.2d 406 (1975).

Whether an error is clerical or judicial depends on whether "the judgment, as amended, embodies the trial court's intention, as expressed in the record at [the hearing or oral ruling]." *Presidential Estates*, 129 Wn.2d at 326 (citing *Marchel*, 13 Wn. App. at 84). If the amended judgment embodies the trial court's intention, "the error is clerical in that the amended judgment merely corrects language that did not correctly convey the intention of the court." *Id.* If the amended judgment does not embody the trial court's intention, the error is judicial and the court cannot "go back, rethink the case, and enter an amended judgment that does not find support in the trial court record." *Id.*

In its oral ruling, the trial court stated Mr. Waters "should be on the hook" to Ms. Waters for his nonpayment, expressing it "hope[d] some reasonable alternative can be found" by which he would pay her the delinquent child support. CP at 27-28. And, the court specified it disagreed solely with the commissioner's willful contempt finding, sanctions, and payment schedule. By contrast, the revision order vacated the commissioner's order entirely, inadvertently removing Mr. Waters's obligation to pay Ms. Waters $29,912 in delinquent child support. This was a mere mechanical mistake. The revision order's language incorrectly conveyed the intent the court expressed in its oral ruling. Thus, the court modified the revision order to uphold and leave intact Mr. Waters's delinquent child support obligation to Ms. Waters, as originally intended. Therefore, the trial court did not err because the revision order contained a clerical error the court had CR 60(a) discretion to correct.

No. 30354-3-III
*In re Marriage of Waters*

Mr. Waters additionally contends the trial court should not have modified the revision order under CR 60(a) because Ms. Waters brought an untimely CR 60(b)(4) motion to "clarify." Acknowledging Mr. Waters's timeliness concerns, we nonetheless reject this contention because, under CR 60(a), the court had the discretion to correct the revision order's clerical error at any time on its own initiative.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Brown, J.

WE CONCUR:

_____
Korsmo, C.J.

_____
Kulik, J.

5