No. 86-216
IN THE SUPREME COURT OF THE STATE OF MONTANA
1987


FIRST STATE BANK OF FORSYTH,
a Montana corp., Beneficiary,
and WILLIAM F. MEISBURGER, Trustee,

Plaintiffs and Appellants,

-vs-

THOMAS J. CHUNKAPURA and CICILY
CHUNKAPURA, husband and wife,

Defendants and Respondents.


APPEAL FROM:   District Court of the Sixteenth Judicial District,
In and for the County of Rosebud,
The Honorable C. B. Sande, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William F. Meisburger argued, Forsyth, Montana

For Respondent:

John Houtz argued, Forsyth, Montana

For Amicus Curiae:

William F. Conklin argued for Concerned Citizens,
Great Falls, Montana
George T. Bennett, Montana Bankers Association,
Helena, Montana
David J. Dietrich, First Interstate Bank of Missoula,
Missoula, Montana
John Paul, United Savings Bank, Great Falls, Montana
George Goodrich, First Bank & Western Bank, Missoula


Submitted:  February 10, 1987

Decided:  March 10, 1987

Filed:   MAR 10 1987

Ethel M. Harrison
_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

We hold in this case that a lender, electing to foreclose on its security under a trust deed by judicial procedure, is not entitled to remedies inconsistent with the Small Tract Financing Act of Montana, Title 71, Chapter 1, Part 3, MCA. Specifically, the lender (mortgagee) may not recover a deficiency judgment against the borrower (mortgagor), and the borrower has no right of redemption as is accorded borrowers in judicial foreclosures of conventional mortgages.

First State Bank of Forsyth and William F. Meisburger appealed from an order of the District Court, Sixteenth Judicial District, Rosebud County, the Honorable C. B. Sande, District Judge, presiding, that § 71-1-317, MCA, prohibits the Bank from recovering a deficiency judgment on judicial foreclosure. No final judgment has been entered in the cause pending this appeal, and the cause has been properly certified to us for appeal under Rule 54(b), Montana Rules of Civil Procedure.

On October 20, 1980, the Chunkapuras executed a promissory note to the First State Bank of Forsyth in the amount of $17,000 with interest on the unpaid principal thereon accruing at the rate of 14% per annum to be paid by the Chunkapuras in monthly payments. The note was secured by a deed of trust executed the same day from the Chunkapuras to First Montana Title Insurance Company as trustee, naming the Bank as beneficiary, covering Lots 17 and 18 in Block 54 of the original town, now city, of Forsyth, Montana.

Under the terms of the note the Chunkapuras would have paid to the Bank $226.40 per month until October 20, 1995 to

pay off the note, and under the terms of the deed of trust, were to provide such additional sums monthly as would be sufficient to pay taxes, assessments, insurance premiums, and other charges.

William S. Meisburger succeeded First Montana Title Insurance Company as trustee under the deed of trust. He appears in this action as a plaintiff trustee, and as attorney for the Bank and himself as plaintiffs. (He has also made the return of sheriff's sale but no point is made in this appeal as to the validity of the return. See § 25-13-404, MCA.)

The Chunkapuras made payments under the note and deed of trust to the Bank until April 20, 1985, at which time they went into default, the principal of the indebtedness having been reduced to $14,957.02. On September 11, 1985, the plaintiffs filed an action in the District Court to foreclose judicially the security interest of the Bank. Their complaint was amended on October 4, 1985. Under the amended complaint plaintiffs prayed for judgment against the defendants for the unpaid principal, accrued interest and other costs, for a sale of the real estate premises by the sheriff of Rosebud County, and for a deficiency judgment against the defendants after applying all the proceeds of the sale of the premises.

By stipulation, the parties agreed that the District Court could enter judgment, issue an order for a sheriff's sale, and proceed with the sheriff's sale, reserving until a later time the question of whether a deficiency judgment could be recovered. At the sheriff's sale, the Bank, being the only bidder, bid on the property in the sum of $10,000.00 which after deducting sheriff's fees and attorneys fees, left a net sum of $8,965.50. Thereupon the plaintiffs sought a deficiency judgment in the amount of $8,556.93.

- 3 -

Following this activity in the action, the matter was briefed before District Judge Sande and on January 6, 1986, District Judge Sande entered his order as aforesaid, determining that § 71-1-317, MCA, prohibited the plaintiffs from recovering a deficiency judgment. Upon certification under Rule 54(b), M.R.Civ.P. by the Honorable Alfred B. Coate, District Judge, the cause came to us on appeal.

I.

The issues in this case involve interpretation of the Small Tract Financing Act of Montana, enacted in 1963. The history of the legislative adoption of that Act, not unknown to some members of this Court, needs telling at this point for perspective.

Prior to 1963, Montana was a "one action" state with respect to foreclosures of mortgages. Our statute provided that there was but one action for the recovery of debt, or the enforcement of any rights incurred by mortgage upon real estate, which action had to be in accordance with the foreclosure provisions of our statutes. Section 71-1-222, MCA (formerly § 93-6001, R.C.M. (1947)). Whereas in other states with differing statutes the lender had the option of suing on the promissory note, or suing to foreclose the mortgage securing the note, our "one action" statute was construed by us to mean that a creditor could not waive the mortgage and sue on the debt but was limited to foreclosure of the mortgage indebtedness. Barth v. Ely (1929), 85 Mont. 310, 278 P.2d 1002. A mortgage instrument could and still may contain a power of sale provision to which the mortgagee could resort for foreclosure without judicial proceedings. Section 71-1-223, MCA. No provision however is made in our statutes for a deficiency judgment where foreclosure under power of sale occurs. In a judicial foreclosure, after the court entered judgment that the mortgager had defaulted on

- 4 -

his obligations and that the mortgagee was entitled to the benefit of his security, the court could and still can order sale of the secured premises by the sheriff of the county involved. If the proceeds from the sheriff's sale are insufficient and a balance still remains due, a deficiency judgment can then be docketed against the defendant or defendants personally liable for the debt which becomes a lien upon the real estate of the judgment debtors. Section 71-1-222, MCA.

Two legal consequences attended, and still attend a judicial foreclosure of mortgaged real property. The judgment debtor has the right to redeem the property from the purchaser at the sheriff's sale any time within one year after the sale. Section 25-13-802, MCA. The purchaser was not and is not now entitled to the possession of the real property as against the judgment debtor during the period of redemption while the debtor personally occupied the land as a home for himself and his family. Section 25-13-821, MCA.

The banking and lending industry came to the legislature in 1963, contending that the "one action" rule and the attendant right of redemption and right of possession rules hampered the financing of improvements on small tracts in Montana because banks and investors were unwilling to invest in mortgages when on default their funds would be tied up during the period of redemption. A quid pro quo was proposed to the legislature: the lenders would give up their deficiency judgment rights on default, if the borrowers would give up their rights of possession and redemption. The result was the adoption by the legislature of the Small Tract Financing Act of Montana, originally limited to tracts of three acres, but now may involve tracts as large as fifteen acres.

Under the Small Tract Financing Act, instead of mortgages, trust indentures (sometimes called "deeds of trust" or "trust deeds") are authorized. Such instruments have the effect of transferring the title of the borrower to a private trustee to be held by the trustee to secure the performance of the obligation by the borrower. A power of sale is by the law granted to the trustee to be exercised after a breach of the obligation for which the trust transfer is security. Section 71-1-304(2), MCA. The trust indenture is considered to be a mortgage on real property, § 71-1-305, MCA, and provisions are made in the law for the method whereby a trustee may foreclose a trust indenture by advertisement and sale. Section 71-1-313, MCA. It is certain that when a trustee conducts a foreclosure sale, a deficiency judgment is not allowed, § 71-1-317, MCA, and the purchaser at the trustee sale is entitled to possession of the property on the tenth day following the sale. Section 71-1-319, MCA.

It may be safely said, although it does not appear in this record, that in the time since the enactment of the Small Tract Financing Act, the use of trust deeds for security purposes has become nearly exclusive in this state.

## II.

The issues in this cause arise out of certain provisions of the Small Tract Financing Act which are subject to judicial interpretation. Section 71-1-304(3), MCA, provides that a trust indenture may be foreclosed by an advertisement and sale through the trustee, or at the option of the beneficiary (lender) by judicial procedure as provided by law for the foreclosure of mortgages on real property. The foreclosure of a trust indenture by advertisement and sale or by judicial procedure is limited to the times provided by law for the foreclosure of a mortgage on real property. Section

71-1-311, MCA. The provision prohibiting deficiency judgment states:

> <u>Deficiency judgment not allowed</u>. When a trust indenture executed in conformity with this part is foreclosed by advertisement and sale, no other or further action, suit, or proceedings shall be taken or judgment entered for any deficiency against the grantor or his surety, guarantor, or successor in interest, if any, on the note, bond, or other obligation secured by the trust indenture or against any other person obligated on such note, bond, or other obligation.

Section 71-1-317, MCA.

With respect to possession, the Act provides:

> <u>Possession</u>. The purchaser at the trustee's sale shall be entitled to possession of the property on the 10th day following the sale, and any persons remaining in possession after that date under any interest, except one prior to the trust indenture, shall be deemed to be tenants at will.

Section 71-1-319, MCA.

The First State Bank of Forsyth contends that under the Act, it has the option of either foreclosing on the security by means of a trustee sale, or by resorting to judicial foreclosure. It further contends that when it elects to proceed by judicial foreclosure, it then becomes entitled to the legal consequences that follow the judicial foreclosure of a conventional mortgage, that is, the right to a deficiency judgment. It admits that if it is entitled to a deficiency judgment, the borrower also then becomes entitled to the right of redemption granted in the foreclosure of conventional mortgages.

The Chunkapuras on the other hand, contend that because the lender chose to finance this obligation under the Small Tract Financing Act, it thereupon elected the benefits conferred upon lending institutions by the Act, the immediate transfer of title in exchange for no deficiency judgment, and

that these results apply whether the lender elects to proceed by trustee sale on default, or by judicial foreclosure. The Chunkapuras rely especially on § 71-1-305, MCA, which provides:

> Trust indenture considered to be a mortgage on real property. A trust indenture is deemed to be a mortgage on real property and is subject to all laws relating to mortgages on real property except to the extent that such laws are inconsistent with the provisions of this part, in which event the provisions of this part shall control. For the purpose of applying the mortgage laws, the grantor in a trust indenture is deemed the mortgagor and the beneficiary is deemed the mortgagee.

They point also to the provisions of § 71-1-317, MCA, which we have quoted above, contending that whether a trustee sale occurs or a judicial foreclosure is utilized, the trust indenture is foreclosed "by advertisement and sale" in either case, and under § 71-1-317, a deficiency judgment is not allowed. To grant a deficiency judgment, the Chunkapuras contend, would be in effect giving life to a provision of the judicial foreclosure statutes which is inconsistent with the provisions of the Small Tract Financing Act under § 71-1-305.

III.

This Court is confronted in this case with a statutory situation wherein it is clear that in cases of trustee sales under trust deeds, there is no right of redemption given to the borrower, and the borrower must surrender possession within ten days; and the lender under a trustee sale has no right to a deficiency judgment. The provisions of the Small Tract Financing Act, permitting an election to the lender to resort to judicial foreclosure, § 71-1-304(3), MCA, and setting out time limitations, § 71-1-311, MCA, do not clearly provide that under judicial foreclosures, the legal consequences of redemption and deficiency judgment follow.

It becomes a matter of judicial interpretation whether the sense and intent of the legislature, in adopting the Small Tract Financing Act, and permitting judicial foreclosure, was also to permit deficiency judgments to the lenders and the rights of redemption to the borrowers.

In resolving these issues we have not only the briefs of the parties to the action, but amici briefs presented by the Montana Bankers Association, the First Bank (N.A.)--Western Montana Missoula, First Interstate Bank of Missoula, N.A., and United Savings Bank, F.A. in support of the First State Bank of Forsyth. Supporting the Chunkapuras is an amicus brief from the Concerned Citizens' Coalition. We have found the briefs helpful, because they illuminate the importance of this case and the gravity of the issues involved.

We are directed to the case law of other states. The State of Washington has a Deeds of Trust Act, similar to our Small Tract Financing Act. Wash. Rev. Code § 61.24.010 -.24.130 (1985). The Washington Act provides for foreclosure either by advertisement by the trustee, or by judicial proceedings. Wash. Rev. Code § 61.24.100 (1985). The Washington Court of Appeals has held in Helbling Brothers, Inc. v. Turner (Wash. 1975), 542 P.2d 1257, 1259, that if the lender elects to proceed by judicial foreclosure, the lender is not precluded from obtaining a deficiency judgment.

We are told that the California Supreme Court allows the lender a choice of remedies, either no deficiency judgment and no right of redemption on one hand, or a deficiency judgment with the right of redemption on the other hand. Roseleaf Corp. v. Chierighino (Cal. 1963), 378 P.2d 97, 102; Cornelison v. Kornbluth (Cal. 1975), 542 P.2d 981, 989.

Even so, there are ameliorating effects for the borrower under the California and Washington laws that do not accrue to a borrower in Montana if the full consequences of judicial

- 9 -

foreclosure are applied. In California, no deficiency judgment is recoverable if the property securing a trust deed or mortgage is for a loan which the financier intends to be used to pay all or part of a purchase price. Cal. Civ. Proc. Code § 580(b) (West 1976); Union Bank v. Wendland (Cal.App. 1976), 126 Cal.Rptr. 549, 554.

Furthermore, under California law, special provisions are applied to sales under judicial foreclosure. A deficiency judgment is limited to the difference between the fair market value of the secured property at the time of the foreclosure sale, regardless of a lesser amount realized at the sale, and the outstanding debt for which the property was secured. Goodyear v. Mack (Cal.App. 1984), 205 Cal.Rptr. 702, 704. "Fair value" is the intrinsic value of the real property at the time of sale under judicial foreclosure, without consideration of the impact of the foreclosure proceedings on the fair market value. Rainer Mortgage v. Silverwood Ltd. (Cal.App. 1985), 209 Cal.Rptr. 294, 298.

We have examined the pertinent statutes of other states. Under Oregon law, where trust deeds are used to secure indebtedness, foreclosure sale may be made by the trustee "or under judicial foreclosure." Or. Rev. Stat. § 86.770(2) (1985). However, no deficiency can be recovered for the indebtedness of a noncommercial trust deed.

In the State of Washington, it is true, as amici has informed us, that deficiency judgments may be obtained on judicial foreclosure. There is however, an "upset" provision in the Washington statutes which applies. Thus, Washington law provides that there can be no deficiency judgment if there is a trustee sale, but that the indebtedness may be foreclosed as a mortgage. Wash. Rev. Code § 61.24.100 (1985). However, in a judicial proceeding, the court may set an "upset price" to be determined by the court, based on fair

value, and the upset price must be credited to the debt if the amount recovered on the foreclosure sale is less than the upset price. Wash. Rev. Code § 61.12.060 (1985).

In Arizona, no deficiency judgment is allowed on tracts of two and a half acres or less where sales occur under deeds of trust. If judicial foreclosure is followed the fair market value of the property at time of sale determines the amount of deficiency. Ariz. Rev. Stat. Ann. § 33-814 (1974).

In Utah, in "any" sale of property under a trust deed a deficiency is allowed, but not for more than the amount that the unpaid debt exceeds the fair market value of the property at the time of the sale. Utah Code Ann. § 57-1-32 (1986). In Nevada, a lender may apply for a deficiency judgment no matter how the property is sold. Nev. Rev. Stat. § 40-455 (1986). The deficiency however is limited to the fair market value or the amount received on the sale, whichever results in the smaller deficiency judgment.

Only Alaska, whose statutes apparently are similar to Montana, seems to grant the result sought here by First State Bank of Forsyth. In Alaska there is no deficiency if the trustee sells the property. Alaska Stat. § 34.20.100 (1985). However the Alaska Supreme Court has held that the provision against deficiency judgment does not apply if judicial foreclosure is pursued. Hull v. Alaska Federal Savings & Loan Ass'n. (Alaska 1983), 658 P.2d 122, 124.

In Idaho, the deficiency judgment on judicial foreclosure is limited by the fair market value of the property at the time of the foreclosure sale. Idaho Code § 45-1512 (1977).

It may be stated therefore, as a broad general policy in the western states, with Alaska the sole exception, the lender has the option of proceeding by trustee sale under trust instruments, or by judicial foreclosure under the

mortgage statutes; but if the latter procedure is elected, the deficiency judgment provisions of those statutes limit the deficiency judgment to the difference between the amount of the indebtedness sought and the fair market value of the property at the time of the sale, or the amount realized at the sale, whichever figure results in the lesser deficiency. Montana statutes on judicial foreclosure do not have a "fair market value" provision. A consideration of those provisions brings us to the crux of the problem in this case.

## IV.

Generally, since 1963, with the exception of the last few years, real estate values in Montana have been subjected to the same inflationary pressures that existed elsewhere in the nation. At or about the time that the Chunkapuras borrowed on their property in this case, inflation had reached its highest stage. But Montana, since 1981, has been enduring a depressed economy of sorts, which has resulted in a marked depreciation in the values of real property. In the past five to six years foreclosures because of defaulted debts on farms, businesses, and homes have increased notably in this state. In this case, the Bank was the only bidder for the Chunkapura property. Its bid of $10,000 may represent the fair market value of the property at the time of the sheriff's sale, or it may be an opportunistic bid which takes advantage of the circumstances so that later the Bank may sell the property for a sum in excess of $10,000. In the meantime the deficiency judgment of $8,556.93, plus accrued interest and costs, if allowed would become a lien on any other real estate the Chunkapuras now own or may own during the period that the judgment lien is in effect. The right of possession of their home which the Chunkapuras would have for one year might have some value, but the right of redemption is valueless, because if the Chunkapuras redeemed,

the deficiency judgment lien would immediately adhere to the redeemed property. This result is not the quid pro quo which the legislature intended when it acceded to the lending industries' urging and adopted the Small Tract Financing Act in 1963.

We therefore determine and hold that District Judge Sande was correct when he determined that under § 71-1-317, MCA, a deficiency judgment may not be allowed when trust indentures are executed in conformity with the Act, and are foreclosed by advertisement and sale, whether through the trustee or by judicial proceedings; and that to allow a deficiency judgment would be inconsistent with the provisions of the Small Tract Financing Act of Montana and accordingly forbidden by § 71-1-305, MCA.

The decision in the District Court therefore that no deficiency judgment may be obtained against the Chunkapuras is affirmed. It should go without saying that in like manner, the Chunkapuras are not entitled either to a right of possession after ten days from the sale, or to a right of redemption for a period of one year.

V.

We are mindful that there may be other cases pending or decided in Montana where lenders have resorted to judicial foreclosure of indebtedness secured by trust deeds. To ensure finality, and the safety of real estate titles, we order that the effect of this Opinion shall be prospective only, except as to the Chunkapuras, and that deficiency judgments in judicial foreclosures under trust deeds which have been entered and docketed on or prior to the date of this Opinion are hereby held to be valid and legal; but that deficiency judgments under such proceedings entered and docketed from and after this date are invalid and of no effect.

We are also mindful that this Opinion relates to a subject which is deserving of the immediate attention of the legislature which is now sitting in session in our capitol city. We therefore direct the Clerk of this Court to send forthwith a copy of this Opinion to the Honorable Ted Schwinden, Governor of the State of Montana, to the Honorable Robert Marks, Speaker of the House of Representatives, and to the Honorable William Norman, President of the State Senate, for their attention and consideration.

_____
                                    Justice

We Concur:

_____
        Chief Justice

_____

_____

_____

_____
        Justices

- 14 -

Mr. Justice Fred J. Weber dissents as follows:

The majority opinion demonstrates a genuine concern for Montana borrowers who have executed trust indentures in the purchase of their homes. Unfortunately, a similar concern has not been demonstrated for the lenders. I conclude that the majority opinion is unjust in its disregard of the contracts between lenders and borrowers.

The issue before us can be determined by the text of the controlling statutes. If the meaning of the statutes can be determined from the plain meaning of the words in the statutes, this Court may not go further and apply other means of interpretation. State ex rel. Sol v. Bakker (1982), 199 Mont. 385, 390, 649 P.2d 456, 459.

Section 71-1-304(3), MCA, states:

A trust indenture executed in conformity with this part may be foreclosed by advertisement and sale in the manner hereinafter provided or, at the option of the beneficiary, by judicial procedure as provided by law for the foreclosure of mortgages on real property . . .

This statute clearly provides two options for foreclosure: (1) advertisement and sale "in the manner hereinafter provided," and (2) judicial procedure as provided by law for the foreclosure of mortgages on real property.

The statute prohibiting deficiency judgments, § 71-1-317, MCA, applies "[w]hen a trust indenture executed in conformity with this part is foreclosed by advertisement and sale" (emphasis supplied). Under the plain meaning of the words of the statute, § 71-1-317, MCA, does not prohibit a deficiency judgment when the lender elects the second option, that being judicial procedure for the foreclosure of mortgages on real property. I therefore conclude that the

15

statutory prohibition of deficiency judgments does not apply in the present case and the District Court incorrectly ruled to the contrary.

I find no inconsistency between foreclosure by advertisement and sale under the Small Tract Financing Act of Montana (Act) and the judicial procedure for the foreclosure of mortgages on real propery. The two are alternative remedies available to the lender after the borrower fails to pay according to the provisions of his note. Judicial mortgage foreclosure allows the lender to obtain a deficiency judgment against the borrower, and also allows the borrower a one year period in which to redeem. In contrast, foreclosure under the Act does not allow the lender to obtain a deficiency judgment. It eliminates the one year right of redemption for the borrower, while giving to the borrower a right to pay up all delinquencies and reinstate the obligation without payment of the entire balance of principal and interest as may be required following default under a normal note and real estate mortgage. I find the proceedings under the two types of foreclosure to be both logical and consistent.

The majority opinion points out that in various western states, protection is given to borrowers by fair market provisions which set minimums which the lenders must bid on foreclosures. Some states also have various types of prohibitions against judicial foreclosure. These protections are contained in the statutes of the various western states. As I review the majority opinion I conclude that it contains an excellent argument for legislative modification of the Act. If I were in the legislature, I would tend to support such legislative modification. However, our obligation is to construe the statutes as now in existence.

We must recognize that the Act and in particular § 71-1-304, MCA, with its provision for foreclosure by either

16

judicial procedure or advertisement and sale, certainly was considered by the lenders of Montana as a part of all trust indenture financing. The Act plainly granted alternative foreclosure rights. The effect of the majority opinion is to modify all of the contracts between lenders and borrowers who have used trust indentures. This Court would not presume to eliminate a written remedy contained in an existing contract between a borrower and a lender. That would clearly be unjust. It is no more appropriate to eliminate judicial foreclosure and a right to a deficiency judgment when those were conditions in existence at the time of the making of the contracts. The majority ignores the reality of the promise to pay on the part of borrowers. The majority in effect has modified that promise by adding a provision which releases the borrowers from having to pay any more money where the value of the property has dropped below the balance due on the note. All of Montana is concerned with the losses taking place because of the reduction in the values of homes and land in Montana. However, I can find no basis for requiring the lenders to assume all of that loss without some appropriate prior warning.

In eliminating the statutory right of judicial foreclosure with its companion right to a default judgment, the majority opinion has decreed an unjust taking of a valuable property right from every lender in Montana who has used trust indentures. This Court should enforce the plain meaning of the statutes and leave to the legislature changes in the Act. I would reverse the District Court.

Justice

17

Mr. Justice L. C. Gulbrandson joins in the foregoing dissent.

_____
Justice

18

FIRST STATE BANK OF FORSYTH )
a Montana corp., Beneficiary )        O R D E R
and WILLIAM F. MEISBURGER, Trustee,)   ON REHEARING
    Plaintiffs and Appellants, )
           v. )
THOMAS J. CHUNKAPURA and CICILY )
CHUNKAPURA, husband and wife. )
    Defendants and Respondents. )

FILED

APR 17 1987

*Ethel M. Harrison*
CLERK OF SUPREME COURT
STATE OF MONTANA

First State Bank of Forsyth, the principal party-lender in this case has petitioned for rehearing, and its petition for rehearing has been joined in by First Interstate Bank of Missoula, NA, and the Montana Bankers' Association, as amici curiae. Counsel for Chunkapura opposes the petition, as does amicus Concerned Citizens Coalition.

The briefs of amici for the Bank point out that the prospective effect of our decision could adversely affect lenders and investors who have financed loans in commercial lending or investment settings and who have used trust indentures to secure all or part of those loans or investments.

The rationale of our decision in Chunkapura is based upon the "quid pro quo" suggested to the legislature to secure passage of the Small Tract Financing Act, that is the giving up of a deficiency judgment on the one hand by the lenders in exchange for the giving up by the borrowers of the right of possession to the property for one year and the right of redemption after foreclosure sale. Such quid pro quo does not apply to loans made in commercial settings, nor to trust deeds secured by residential or other property which

- 1 -

are only part of larger, more complex loans for commercial or agricultural purposes.

In Chunkapura, we have before us only a trust deed related to an occupied, single family residential property. It is suggested by amicus First Interstate Bank of Missoula that our opinion should be limited in effect to the kind of security before us in Chunkapura and similar cases involving residential property. We agree.

Our opinion in this cause is limited to the Chunkapura property, and is to be considered as precedent only for trust deeds related to occupied, single family residential property. We keep in effect our determination that to insure finality and the safety of real estate titles, that the effect of this opinion shall be prospective only except to the Chunkapuras and that deficiency judgments in judicial foreclosures under trust deeds which have been entered and docketed prior to the date of our opinion, and which relate to occupied, single family residential property are hereby held to be valid and legal; and that deficiency judgments under such proceedings for like property entered and docketed after the date of our opinion (March 10, 1987) are invalid and of no effect.

As so modified, our original opinion is affirmed. Let remittitur issue.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

- 2 -

Mr. Justice Fred J. Weber dissents as follows:

In my dissent to the original opinion, I concluded that in its elimination of the statutory right of judicial foreclosure with its companion right to a default judgment, the majority had decreed an unjust taking of a valuable property right from every lender in Montana who had used trust indentures. I then concluded that this Court should enforce the plain meaning of the statute and leave to the legislature any changes in the Small Tract Financing Act. I reaffirm that position.

I do approve the action of the majority in at least limiting the adverse effect of the majority opinion in the matter set forth in the Order on Rehearing. As I again review the statutes, I am unable to find any statutory justification for the distinction between trust indentures on occupied, single-family residential property, and trust indentures on other types of real property.

I encourage the Montana Legislature to review the Small Tract Financing Act and the effect of the present opinion. In doing so they properly can consider a modification to include fair market value provisions.

I would still reverse the District Court.

                                Justice

Mr. Justice L. C. Gulbrandson joins in the foregoing dissent.

                                Justice

3