No. 89-002

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION
OF MISSOULA, a Corporation,

        Plaintiff and Appellant,

   -vs-

STEVE R. ANDERSON and JEAN M. ANDERSON,

        Defendants and Respondents.

---

APPEAL FROM:  District Court of the Fourth Judicial District,
              In and for the County of Missoula,
              The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

         David J. Dietrich, Boone, Karlberg & Haddon; Missoula, MT

     For Respondent:

         Samuel M. Warren, Worden, Thane & Haines; Missoula, MT

---

             Submitted on Briefs:  April 6, 1989

                Decided: July 25, 1989

Filed:

_____
            Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

First Federal Savings and Loan Association of Missoula appeals from an order of the District Court, Fourth Judicial District, Missoula County, dismissing First Federal's complaint to foreclose on a Deed of Trust on real property against Steven R. and Jean M. Anderson.

The principal issue in this case is whether the decision of this Court in First State Bank of Forsyth v. Chunkapura (1987), ___ Mont. ___, 734 P.2d 1203, is applicable to the facts of this case. We hold that Chunkapura applies, and that First Federal Savings and Loan may not procure from the District Court a deficiency judgment on foreclosure of the Deed of Trust in this case.

There is a procedural problem that needs our first attention. First Federal filed its verified complaint in the District Court on November 23, 1987. The complaint alleged that Steve R. Anderson and Jean M. Anderson had delivered over to First Federal Savings and Loan a promissory note for $38,250.00. As security for the note, the Andersons delivered to the American Land Title Company of Missoula, as trustee, a Deed of Trust to real property in the city of Missoula, conditioned on the full performance of the obligations of the promissory note and the Deed of Trust by the Andersons. The Andersons had defaulted in their payments on the note, and on the date of the filing of the complaint, owed to First Federal $34,365.45 with interest at 10% per annum from June 1, 1987. The verified complaint asked for judgment against the Andersons in the amount of the indebtedness not paid, accrued interest, late charges, costs of the suit, and attorney fees.

The verified complaint further prayed that the Deed of Trust be foreclosed as a mortgage on the real property, and that the real property be sold by the county sheriff; that the purchasers at the sale have the right of immediate possession thereto, subject only to the redemption rights of the Andersons; and that if the proceeds of the sale be insufficient to satisfy the judgment as prayed for, that any deficiency remaining be entered as a deficiency judgment against the Andersons.

The Andersons responded to the verified complaint, through their counsel, by filing a motion to dismiss under Rule 12(b)(6), M.R.Civ.P. upon the grounds that the complaint failed to state a claim against the defendants upon which relief could be granted.

Further responding to the motion to dismiss, the Andersons filed an affidavit in which they recited that they had purchased the property in 1978 through a loan procured from First Federal; that for seven years, commencing 1978 and ending January, 1986, the Andersons had used and occupied the dwelling as a principal residence; that for approximately 18 months, while the property was for sale, they had rented the real estate to various individuals to continue to make payments to First Federal; and that in June, 1987, the Andersons decided they could no longer keep the property and requested First Federal to accept a deed in lieu of foreclosure. In the meantime, the Andersons had purchased a second home.

First Federal filed a memorandum objecting to the motion to dismiss and in it relied on facts in the Anderson affidavit, including (1) that commencing in January, 1986, the Andersons no longer used or occupied their dwelling as a principal residence; (2) that for approximately 18 additional months they had rented the property to various

- 3 -

individuals; and (3) that First Federal's role was not as a "vendor" but as a lender for the purchase of the property by the Andersons.

First Federal further requested a hearing on the motion to dismiss which the District Court granted and set for November 4, 1988. In the meantime, however, the court issued its opinion and order dismissing the complaint on November 1, 1988.

In rendering its opinion of dismissal, the District Court obviously relied on references to the Andersons' affidavit, including that the Andersons had offered to give a deed in lieu of foreclosure; that the Andersons resided in the property for over seven years; and that First Federal was not entitled to a deficiency judgment although the real property was no longer occupied by the original obligors, who were using the real estate as rental property.

The order of dismissal entered by the District Court does not specifically refer to Rule 56, M.R.Civ.P. It is, however, obvious that the District Court had converted a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment. This Court has held that when a district court intends to convert a Rule 12 motion to dismiss into a Rule 56 motion for summary judgment, that it should give notice to the parties of its intention to consider materials outside the pleadings. Gebhardt v. D.A. Davidson and Company (1983), 203 Mont. 384, 661 P.2d 855.

It is true that in ordinary circumstances this Court requires that when a district court intends to treat a motion to dismiss as a motion for summary judgment under our Rules of Civil Procedure, that it must first give notice to the parties of its intention to do so. Gebhardt, supra. The reason for our requirement is that opportunity is then given to the party opposing summary judgment or the motion to

- 4 -

dismiss to produce additional facts by affidavit or otherwise which would establish a genuine issue of material fact and so preclude summary judgment under Rule 56. In this case, however, First Federal, in responding to the motion to dismiss and the affidavit supplied in connection therewith, adopted from and relied on certain facts from the affidavit on which to base their argument to the District Court that Chunkapura does not apply to this case and that First Federal was entitled to a summary judgment.

Trust indentures (or as they are sometimes known, deeds of trust or trust deeds), used as security instruments in Montana, are creatures of the "Small Tract Financing Act of Montana", §§ 71-1-301, -321, incl., MCA. From the verified complaint, the facts alleged in the Anderson affidavit as relied on and adopted by First Federal and the applicable statutes gave the court sufficient basis on which to rule as to whether Chunkapura applied in this case. In like manner, these facts are sufficient for this Court to make a ruling on appeal. Although the District Court erred in not giving the notice required that it intended to treat the motion to dismiss as a motion for summary judgment, the matter will not be reversed or remanded to the District Court when the eventual result in the District Court would be the same. In Re Marriage of Cannon (1985), ___ Mont. ___, 697 P.2d 901; Kirby Company of Bozeman, Inc. v. Employment Security Division of Montana (1980), 189 Mont. 1, 614 P.2d 1040.

We proceed now to the principal issue in this case, whether our decision in Chunkapura precludes a deficiency judgment against the Andersons.

The deed of trust in this case was issued pursuant to the authority of the Small Tract Financing Act of Montana, enacted in 1963. In Chunkapura, this Court had occasion to interpret that Act as to whether a deficiency of judgment

- 5 -

could be obtained against the borrowers, after a sale of the mortgaged property (for want of a better term, we will refer to the real estate in this case as the "mortgaged property"; under § 71-1-305, MCA, a trust indenture is deemed to be a mortgage on real property and subject to all laws relating to mortgages on real property except to the extent that such laws are inconsistent with the Small Tract Financing Act of Montana). Before the adoption of the Act, there was only one form of mortgage foreclosure in Montana (§ 71-1-222, MCA) and that procedure allowed a deficiency judgment against the mortgagor unless a power of sale was utilized under § 71-1-223, MCA. Chunkapura noted:

> The banking and lending industry came to the legislature in 1963, contending that the "one action rule" and the attendant right of redemption and right of possession rules hampered the financing of improvements on small tracts in Montana because banks and investors were unwilling to invest in mortgages when on default their funds would be tied during the period of redemption. A quid pro quo was proposed to the legislature: the legislators would give up their deficiency rights on default, if the borrowers would give up their rights of possession and redemption. The result was the adoption by the legislature of the Small Tract Financing Act of Montana, originally limited to tracts of three acres, but now may involve tracts as large as fifteen acres.

734 P.2d at 1205.

This Court held in Chunkapura, that under the Small Tract Financing Act, even though the beneficiary of a trust indenture could foreclose on the trust indenture by judicial procedure as provided by (§ 71-1-304(3), MCA). Nevertheless, the provisions of § 71-1-317, MCA, providing that a deficiency judgment was not allowed, applied to all uses of the trust indenture. On rehearing, we modified that holding saying:

- 6 -

> In _Chunkapura_, we have before us only a trust deed related to an occupied, single family residential property. It is suggested by amicus First Interstate Bank of Missoula that our opinion should be limited in effect to the kind of security before us in _Chunkapura_, and similar cases involving residential property. We agree.

734 P.2d at 1210-1211.

First Federal argues that because the Andersons no longer occupy the property themselves, and in fact, rent the premises, that they are not entitled to the benefit of the _Chunkapura_ holding that deficiency judgments are not allowed. On that point, we disagree with First Federal, and uphold the decision of the District Court that _Chunkapura_ does apply.

When First Federal accepted a trust indenture for the mortgaged property, the trust deed related to an occupied, single-family residential property. At the time of its proposed foreclosure by First Federal, the property remained a single-family residential property, albeit sometimes occupied by renters. The property fits the _Chunkapura_ exception and we hold that First Federal may not obtain a deficiency judgment against the Andersons after the sale of the mortgaged property. Hand in hand with that holding, as in _Chunkapura_, the Andersons are not entitled either to a right of possession after 10 days from the sale, or to a right of redemption for a period of one year.

First Federal also argues that dismissal of its foreclosure action was improper because First Federal may have wished to foreclose on personal as well as real property, and that the foreclosure action was the vehicle for such action. However, nothing of this appears of record, or in the pleadings, and we give no weight to that argument.

The Andersons also argue that because First Federal supplied the finances which enabled the Andersons to enter

into the purchase of the subject property that Andersons are entitled to the protection of § 71-1-232, MCA, which precludes a deficiency judgment on foreclosure of a purchase money mortgage. Our interpretation of that statute is that a mortgagee who is not the vendor of the property, but who assumes the status of a mortgagee to secure a loan used for the purchase is not prohibited from a deficiency judgment under § 71-1-232, MCA. Aetna Life Insurance Company v. Slack (1988), ___ Mont. ___, 756 P.2d 1140.

There is a side issue to this case relating to attorney fees. The Andersons contend that the appeal by First Federal in this case was premature, and that First Federal should have waited to appeal until the court determined the Andersons' rights to attorney fees after the dismissal. First Federal, on the other hand, contends that the issue of attorney fees was not necessary to the final judgment and that the appeal is not premature.

Neither party is entirely correct on this issue. Under § 71-1-320, MCA, in the event of a foreclosure of a trust deed by advertisement and sale, the total of the reasonable attorney fees and trustee fees shall not exceed 5% of the amount due on the obligation, both principal and interest, at the time of the trustee's sale. In this case, First Federal had requested attorney fees and alleged the sum of $2,500 as a reasonable fee, in addition to further fees if the case was contested. That request would exceed the 5% limitation in § 71-1-320, MCA. On the basis of reciprocity, § 28-3-704, MCA, the Andersons are entitled to reasonable attorney fees in the District Court and on appeal, to be fixed by the District Court, in addition to the usual costs. On foreclosure, First Federal is entitled to its attorney and trustee fees granted by § 71-1-320, MCA.

The order of dismissal by the District Court is affirmed.

_John C. Sheehy_
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_R. C. McDonough_

_William E. Hunt Sr._

Justices

- 9 -

Mr. Justice Fred J. Weber specially concurs and dissents as follows:

I have reviewed Chunkapura. While I dissented, I agree with the majority conclusion that a deficiency judgment is not allowed in the present case under the precedent of Chunkapura.

The majority opinion quotes from that portion of Chunkapura which noted that the banking and lending industry came to the legislature in 1963 and proposed a quid pro quo under which the banking industry would give up deficiency rights in return for the giving up by borrowers of the right of possession and redemption. I conclude that the record in the present case and the record in Chunkapura do not demonstrate the presence of any such exchange. I have reviewed the Small Tract Financing Act and find nothing to indicate any such quid pro quo. I dissent from the conclusion based on a claimed exchange of benefits which is not substantiated by the record.

I also dissent from the conclusion that First Federal is only entitled to attorney fees and trustee fees in the aggregate not exceeding 5% of the amount due on the obligation. Section 71-1-320, MCA, in relevant part states:

> Reasonable trustees' fees and attorneys' fees to be charged to the grantor in the event of foreclosure by advertisement and sale shall not exceed, in the aggregate, 5% of the amount due on the obligation, both principal and interest, at the time of the trustee's sale. (Emphasis supplied.)

The statutes demonstrate that the 5% limitation applies only where the lender seeks to foreclose by advertisement and sale through a trustee under a deed of trust. That was not the procedure followed in the present case. Here the complaint was filed in the District Court for judicial foreclosure.

10

The statutes allow First Federal to proceed through judicial foreclosure as described in § 71-1-311, MCA. First Federal here was entitled to proceed with judicial foreclosure even though Chunkapura may establish a limitation on deficiency judgment. The summary judgment denied that procedure to First Federal. The effect of the decision is to dismiss the judicial foreclosure which does not have a 5% limitation and then to apply the limitation. I do not agree with that reasoning.

_____
Justice

Justice L. C. Gulbrandson joins in the foregoing dissent.

_____
Justice

11