No. 99-098

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 151N

PHYLLIS GINGERICH,

Plaintiff and Respondent,

v.

ELIZABETH R. COX, et al.,

Defendant and Appellant.

APPEAL FROM: District Court of the Twentieth Judicial District,

In and for the County of Sanders,

No

Honorable C. B. McNeil, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Elizabeth Cox, pro se, Plains, Montana

For Respondent:

Kevin S. Jones, Christian, Samson & Jones, Missoula, Montana

Submitted on Briefs: May 27, 1999

Decided: June 29, 1999

Filed:

_____

No

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2. Elizabeth Cox appeals from the order of the Twentieth Judicial District Court, Sanders County, entering default judgment against her in this foreclosure action on a trust indenture. We affirm.

¶3. Cox sets forth seven issues, which we summarize as whether the District Court erred in entering default judgment.

¶4. On June 19, 1998, Gingerich filed a complaint seeking judicial foreclosure of a trust indenture on real property located in Sanders County, under which Cox was the grantor and Gingerich was the beneficiary. The Sanders County Sheriff's office served Cox with a copy of the complaint on July 9, 1998. On July 31, 1998, Gingerich requested, and the clerk of court entered, Cox's default as a result of her failure to appear or to answer the complaint within twenty days of service.

¶5. Cox filed a one-sentence motion to dismiss this action on August 6, 1998. On August 11, 1998, the District Court denied that motion. On September 1, Cox filed an answer to the complaint and counterclaim. Gingerich moved for the entry of default judgment, which motion the court granted on September 22, 1998. Cox filed a motion to set aside the default and a motion for new trial and to amend judgment. The court denied those motions in December 1998.

¶6. Our standard of review of a district court's refusal to set aside a default judgment is whether there has been even a slight abuse of discretion. *In re Marriage of Martin* (1994), 265 Mont. 95, 99, 874 P.2d 1219, 1222.

¶7. Cox argues that the default judgment is inequitable because it does not allow her to continue to use the property during a one-year redemption period. This argument is unpersuasive because the statutory right of redemption cited by Cox does not exist in foreclosure of a trust indenture on residential property, the type of real estate transaction here involved. *See First State Bank of Forsyth v. Chunkapura* (1987), 226 Mont. 54, 63, 734 P.2d 1203, 1208.

¶8. Cox also argues that the default judgment is inequitable because she received no notice of the default entered by the clerk of court on July 31. Under Rule 55(a), M.R. Civ.P., however, no notice of a party's intent to take default is required.

¶9. Cox argues that Gingerich knew or should have known that Cox was attempting to answer the complaint before default was entered, and should therefore have given notice of intent to seek default. However, Cox provides no legal support for this "knew or should have known" argument, and Gingerich denies that her counsel was aware, at the time they sought entry of default, that Cox had attempted a filing with the court. Moreover, Cox did not make this argument to the District Court.

¶10. Cox further argues that the default judgment should be overturned on the basis that the clerk of court did not act properly in rejecting her original tender of her motion to dismiss, which she mailed to the clerk prior to the entry of her default. She contends that the clerk of court should have accepted her attempted payment of the filing fee via a personal check drawn on an Alaskan bank account. Instead, the clerk apparently returned Cox's offered filing and told her that filing fees must be paid by cash or money order.

¶11. In *Johnson v. Murray* (1982), 201 Mont. 495, 503, 656 P.2d 170, 174, this Court held that it was proper for a clerk of district court to hold and not file an Answer mailed in for filing without the appropriate filing fee. Under § 7-4-2515, MCA, county officers, including the clerk of court, must not perform any official services unless the fees prescribed for such services are paid in advance. We hold that this reasoning also applies in situations in which the filing fee is not tendered in the required form.

¶12. Cox's next argument for overturning the default judgment is that Gingerich should have given her three days' advance notice of the application to enter default judgment, and that intervening Saturdays and Sundays do not count in computing

**those three days. Rule 55(b)(2), M.R.Civ.P., provides:**

If the party against whom judgment by default is sought has appeared in the action, the party . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing or order such references as it deems necessary and proper . . . .

Because Cox had never moved to set aside the default nor demonstrated grounds upon which it should be set aside, the default remained extant when the default judgment was requested and entered. Cox had never made a timely and proper appearance in this action. Additionally, the court apparently determined that there was no need to take an account, determine the amount of damages, establish the truth of any matter by evidence, or make an investigation of any other matter before judgment could be entered in this foreclosure action. No hearing is required under Rule 55(b)(2), M.R.Civ.P., and no hearing was held in this case. The requirement of three days' advance notice before a hearing therefore did not apply.

**¶13. Finally, Cox argues a number of new theories in her reply brief. A reply brief must be confined to matters raised in the brief of the respondent, and this Court will not consider arguments first raised therein. Rule 23(c), M.R.App.P.; *EBI/ORION Group v. Blythe* (1997), 281 Mont. 50, 57, 931 P.2d 38, 42.**

**¶14. Having considered all arguments raised by Cox and concluding that none demonstrate even a slight abuse of discretion on the part of the District Court, we affirm that court's judgment.**

/S/ J. A. TURNAGE

We concur:

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART