No. 00-809

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 142

DARL ENGER, C.P. BROOKE, MICHAEL

BROOKE, and RICHARD BULEY,

Plaintiffs and Appellants,

v.

CITY OF MISSOULA,

Defendant and Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Richard R. Buley, Tipp & Bulley, Missoula, Montana

For Respondent:

Jim Nugen, Missoula City Attorney, Missoula, Montana

Submitted on Briefs: March 22, 2001
Decided: August 2, 2001

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 The Plaintiffs filed a complaint in the District Court for the Fourth Judicial District in Missoula County requesting a declaratory judgment that the Missoula City Council illegally included them in a special improvement district. The City of Missoula filed a motion for summary judgment and after a hearing the District Court entered judgment in favor of the City. The Plaintiffs now appeal from the order of the District Court. We affirm the District Court.

¶2 The following issues are presented on appeal:

> 1. Were Plaintiffs adequately notified of the City's motion for summary judgment?

> 2. Did the District Court err when it granted the City's motion for summary judgment?

## FACTUAL BACKGROUND

¶3 Missoula City Council Resolution Number 6278 declared the City's intention to create Special Improvement District 524 for the purpose of financing and constructing storm sewer drainage improvements for south Missoula. The Resolution also created two Special Improvement Sub-Districts: the Valley Area Sub-District and the Farviews Sub-District. The City determined that the hillside properties within the Farviews Sub-District would benefit from the storm sewer drain project and accordingly assessed 23% of the costs of the project to those property owners.

¶4 The Plaintiffs, several real property owners in the Farviews Sub-District, filed a complaint in the District Court for the Fourth Judicial District in Missoula County on March 16, 2000. The Complaint requested a declaratory judgment that the Missoula City Council illegally created a special improvement district and assessed costs for storm sewer improvements that did not benefit the Plaintiffs' property.

¶5 On April 20, 2000, the City of Missoula made a motion entitled "Defendant City of Missoula's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted or Alternatively Defendant City of Missoula's Rule 12 (b)(6) Motion for Summary Judgment." The City contemporaneously submitted a brief in support of the motion and attached the public record of the City Council's deliberations.

¶6 On May 4, 2000, the Plaintiffs filed "Plaintiff's Response Brief." On May 8, 2000, the Plaintiffs filed the affidavit of Steven Hall, a real estate appraiser who concluded that the project did not benefit the Plaintiffs' properties.

¶7 On May 12, 2000, the City filed an Answer which included 24 defenses and requested that the District Court dismiss the action. On May 18, 2000, the City filed "Defendant City of Missoula's Revised Motion for Summary Judgment" and a "Reply Brief in Support of Defendant City of Missoula's Motion Requesting Summary Judgment." Attached to the brief were the affidavits of the City Engineer, a real estate appraiser, and the Director of Public Works.

¶8 On June 23, 2000, the City requested "that oral argument be scheduled pertaining to Defendant City of Missoula's motion for summary judgment only." On June 26, 2000, the Honorable Ed McLean filed a Notice of Hearing. The Notice set the hearing "regarding Defendant City of Missoula's Revised Motion for Summary Judgment..." for August 2, 2000.

¶9 Although clearly notified that the hearing was to consider the City's motion for summary judgment - not its motion to dismiss - Plaintiffs' counsel did not object, at the hearing, to being denied the opportunity to respond to the City's motion. Following the hearing, the District Court filed its Opinion and Order of Dismissal on September 27, 2000. The District Court determined that the Plaintiffs failed to present any evidence which suggested the presence of fraud or mistake. Furthermore, the District Court specifically referred to the affidavits attached as exhibits to the "Reply Brief in Support of Defendant City of Missoula's Motion Requesting Summary Judgment" in support of its finding the "benefits presented by the City to be reasonably and rationally related to the storm sewer drainage project, and that Plaintiffs have failed to prove otherwise under the 'fraud or mistakes' standard." Consequently, the District Court entered judgment in favor of the City on October 10, 2000.

## STANDARD OF REVIEW

¶10 Our standard of review of appeals from summary judgment is de novo. *Motarie v. Northern Montana Joint Refuse Disposal Dist.* (1995), 274 Mont. 239, 242, 907 P.2d 154, 156. We apply the same criteria which is applied by the district court pursuant to Rule 56 (c), M.R.Civ.P. *Spinler v. Allen*, 1999 MT 1960, ¶ 14, 295 Mont. 139, ¶ 14, 983 P.2d 348, ¶ 14. The moving party must establish both the absence of genuine issues of material fact and entitlement to judgment as a matter of law. *Hadford v. Credit Bureau of Havre, Inc.*, 1998 MT 179, ¶ 14, 289 Mont. 529, ¶ 14, 962 P.2d 1198, ¶ 14. Once the moving party has met its burden, the opposing party must present material and substantial evidence, rather than mere conclusory or speculative statements, to raise a genuine issue of material fact. *Hadford*, ¶ 14.

## DISCUSSION

## ISSUE 1

¶11 Were Plaintiffs adequately notified of the City's motion for summary judgment?

¶12 The Plaintiffs contend that the District Court improperly converted a Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment. Based on that premise, the Plaintiffs argue that they were denied the opportunity to respond to affidavits submitted by the City with its reply brief, that the District Court erred because it did not assume the facts stated in the complaint to be true, and that as a result the District Court improperly resolved contested issues of fact.

¶13 Rule 12 (b), M.R.Civ.P., allows a district court to treat Rule 12(b)(6), M.R.Civ.P. motions to dismiss as motions for summary judgment pursuant to Rule 56, M.R.Civ.P., whenever the district court considers matters outside the pleadings in making its decision. This Court has held that when a district court intends to convert a Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment, it should give notice to the parties of its intention to consider matters outside the pleadings. *Gebhardt v. D.A. Davidson & Co.* (1983), 203 Mont. 384, 390, 661 P.2d 855, 858. The reason for this requirement is to afford the party opposing summary judgment or the motion to dismiss an opportunity to produce additional facts by affidavit or otherwise which would establish a genuine issue of material fact and thereby avoid summary judgment if possible. *First Fed. Savings & Loan Assoc. of Missoula v. Anderson* (1989), 238 Mont. 296, 298, 777 P.2d 1281, 1283.

¶14 Based on the record, we conclude that the District Court did not improperly convert a

Rule 12(b)(6) motion to dismiss to a motion for summary judgment at a point when the Plaintiffs had no opportunity to respond. The record indicates that the City made a Rule 12(b)(6) motion. The Plaintiffs responded and filed an affidavit. The City then filed a revised motion for summary judgment, brief in support, and affidavits. The Plaintiffs, for reasons not apparent from the record, did not respond to the revised motion. Nor at the time the motion was heard did they complain or ask for an opportunity to respond even though they were clearly notified that it was the motion for summary judgment that would be heard. The record suggests that both sides knew the August 2, 2000, hearing concerned the City's motion for summary judgment, not a Rule 12(b)(6) motion to dismiss.

¶15 Significantly, the Plaintiffs went beyond the pleadings when they filed an affidavit with "Plaintiff's Response Brief," but offered no further proof, instead arguing that the factual allegations in their complaint must be taken as true for the purposes of a Rule 12(b)(6) motion to dismiss. There is no indication that the Plaintiffs were denied an opportunity to present additional evidence - the Plaintiffs had notice that the District Court would treat the motion as a motion for summary judgment, a decision they encouraged by filing an affidavit in conjunction with the "Plaintiff's Response Brief." We conclude that Plaintiffs had adequate notice of and an opportunity to fully respond to the City's motion for summary judgment.

## ISSUE 2

¶16 Did the District Court err when it granted the City's motion for summary judgment?

¶17 Plaintiffs contend that pursuant to § 7-12-4162, MCA, they could not be included in the special improvement district created to finance storm sewers absent some benefit to them from the proposed drainage system. They contend that whether there was benefit to them presented at least an issue of fact and that therefore summary judgment should not have been awarded to the City.

¶18 Although the affidavit of the Plaintiffs' expert and the three affidavits submitted by the City contradicted each other on the question of benefit, the District Court concluded that the Plaintiffs failed to produce evidence of fraud or mistake as required by our holding in *Stevens v. City of Missoula* (1983), 205 Mont. 274, 667 P.2d 440. In *Stevens*, we held that a city's determination of benefit and creation of special improvement district boundaries is conclusive absent proof of fraud or mistake which preclude the exercise of sound judgment. *Stevens*, 205 Mont. at 280, 667 P.2d at 444. Because the Plaintiffs did not

produce any evidence of fraud or mistake by the City, the District Court held that they did not satisfy the threshold requirement of *Stevens* and therefore could not prevail, even if the facts as articulated in the complaint and affidavit were deemed to be true.

¶19 Section 7-12-4162(1)(a), MCA, provides that assessments for the costs of improvements shall be made only against property which is directly benefitted by the improvements. However, the District Court correctly interpreted and applied our decision in *Stevens* and our own review of the record confirms that the Plaintiffs presented no evidence to suggest that the City's finding of benefit was based on fraud or mistake as required by *Stevens*. Therefore, we conclude that the District Court did not err when it granted summary judgment to the City of Missoula. Accordingly, the judgment of the District Court is affirmed.

/ S/ TERRY N. TRIEWEILER

We Concur:

/S/ PATRICIA COTTER

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART