DA 13-0183

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 349

STEVEN L. CAVANAUGH,

       Plaintiff and Appellant,

   v.

CITIMORTGAGE, INC., ABN AMRO MORTGAGE
GROUP, INC., MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, INC., HOLLAND
AND HART LLP, SCOTT MITCHELL, MICHELLE
SULLIVAN, KATIE SCOTT and ERIN THEOBALD,

       Defendants and Appellees.

_____

CITIMORTGAGE, INC.,

       Counterclaimant and Third-Party Plaintiff and Appellee,

   v.

STEVEN L. CAVANAUGH,

       Counterclaim Defendant and Appellant,

   and

SUSAN L. CAVANAUGH, FIRST INTERSTATE
BANK and CAPITAL ONE BANK (USA), N.A.,

       Third-Party Defendants.

_____

SUSAN L. CAVANAUGH,

       Third-Party Counterclaimant and Appellant,

   v.

CITIMORTGAGE, INC., and ABN AMRO
MORTGAGE GROUP, INC.,

       Third-Party Counterclaim Defendants and Appellees.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                In and For the County of Gallatin, Cause No. DV-11-506A
                Honorable Holly Brown, Presiding Judge


COUNSEL OF RECORD:

        For Appellants:

                Steven L. Cavanaugh (Self-Represented), Belgrade, Montana

                Susan L. Cavanaugh (Self-Represented), Belgrade, Montana

        For Appellees:

                W. Scott Mitchell; Michelle M. Sullivan, Holland & Hart, LLP,
                Billings, Montana

                                        Submitted on Briefs:  October 30, 2013
                                                    Decided:  November 19, 2013


Filed:

                    _____
                                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Steven L. Cavanaugh and Susan L. Cavanaugh appeal from the judgment and decree of foreclosure issued by the Eighteenth Judicial District Court, Gallatin County, denying them the right to redeem the foreclosed property. We affirm.

¶2 The following issues are presented on appeal:

¶3 *Issue One: Whether the Cavanaughs are entitled to a right of redemption because their property was foreclosed by judicial procedure, rather than by advertisement and sale?*

¶4 *Issue Two: Whether the Cavanaughs are entitled to a right of redemption because their property is a multi-family residence?*

## PROCEDURAL AND FACTUAL BACKGROUND

¶5 On December 22, 2006, Susan Cavanaugh executed a promissory note to ABN AMRO Mortgage Group, Inc., in the amount of $316,000. The same day, she and her husband, Steven Cavanaugh, executed a deed of trust pledging their home in Belgrade, Montana, as security for the note. On her loan application, Susan stated that the purpose of the loan was to refinance her primary residence. She did not identify any rental income and indicated that the property had only one unit. In 2007, ABN AMRO merged with CitiMortgage, Inc. CitiMortgage was the surviving entity and the beneficiary of the deed of trust.

¶6 In December 2008, Susan did not submit a monthly payment, and the loan entered default. Susan did not cure the default, and after a period of negotiation, a trustee's sale

3

was scheduled for February 22, 2010. The Cavanaughs began a series of attempts to avoid foreclosure, culminating in the filing of a complaint and request for injunctive relief. The trustee's sale was canceled pending resolution of the action. On August 31, 2010, the Cavanaughs and CitiMortgage entered a settlement agreement, as part of which they stipulated to the dismissal of the complaint. CitiMortgage agreed to forbear from exercising its right to foreclosure for a period of up to six months. The Cavanaughs agreed to make payments to CitiMortgage in the amount of $550 per month beginning August 31, 2010, and ending January 31, 2011.

¶7  The Cavanaughs failed to make the required payments, and a second trustee's sale was scheduled for June 20, 2011. Steven filed a second lawsuit on May 17, 2011, and the trustee's sale was again canceled. CitiMortgage named Susan as a third-party defendant and asserted a counterclaim and third-party claim for judicial foreclosure. Susan responded and also asserted a counterclaim.

¶8  On August 30, 2012, CitiMortgage moved for summary judgment on its counterclaim and third-party claim for judicial foreclosure, counts one through four of Steven's complaint, and all counts of Susan's third-party counterclaim. The District Court granted CitiMortgage's motions on December 21, 2012, and entered a judgment and decree of foreclosure on February 7, 2013. The judgment stated that the Cavanaughs were not entitled to a statutory right of redemption, and CitiMortgage was not entitled to a deficiency judgment. The Cavanaughs appeal only that portion of the judgment stating that they are not entitled to redeem the property.

**STANDARD OF REVIEW**

4

¶9 We review a district court's conclusions of law de novo, to determine whether they are correct. *First Security Bank v. Abel*, 2008 MT 161, ¶ 13, 343 Mont. 313, 184 P.3d 318.

## DISCUSSION

¶10 *Issue One: Whether the Cavanaughs are entitled to a right of redemption because their property was foreclosed by judicial procedure, rather than by advertisement and sale?*

¶11 The Cavanaughs urge that because the foreclosure of their property was by judicial procedure, rather than by "advertisement and sale" as contemplated in the Small Tract Financing Act, §§ 71-1-301 to 321, MCA, they are entitled to the right of redemption that attends the foreclosure of a traditional mortgage.

¶12 Following the foreclosure of a conventional mortgage, the borrower is entitled to redeem the property from the purchaser at any time within one year after the sale. Section 25-13-802, MCA. The borrower is also entitled to remain in possession of the property during this one-year redemption period. Section 25-13-821, MCA. In 1963, the banking industry found that this one-year period discouraged potential investment in and development of foreclosed properties. *First State Bank of Forsyth v. Chunkapura*, 226 Mont. 54, 57, 734 P.2d 1203, 1205 (1987). The industry therefore proposed a "quid pro quo" to the Legislature: lenders would give up their deficiency judgment rights, in exchange for which borrowers would give up their rights of redemption and possession. *Chunkapura*, 226 Mont. at 57, 734 P.2d at 1205. The Legislature adopted this proposal

as part of the Small Tract Financing Act. *Chunkapura*, 226 Mont. at 57-58, 734 P.2d at 1205.

¶13 The Small Tract Financing Act now provides for real property up to 40 acres to be secured by a deed of trust, rather than a conventional mortgage. Section 71-1-304(1), MCA. Under the Small Tract Financing Act, a lender may elect to foreclose by "advertisement and sale," or by judicial procedure. Section 71-1-304(3), MCA. The Small Tract Financing Act specifically states that when a lender forecloses by advertisement and sale, the lender is not entitled to a deficiency judgment, § 71-1-317, MCA, and the purchaser is entitled to take possession of the property ten days after the sale, § 71-1-319, MCA.

¶14 We have previously been asked to interpret the provisions of the Small Tract Financing Act to determine what remedies apply when a property secured by a deed of trust is foreclosed on by judicial procedure. *Chunkapura*, 226 Mont. at 55, 734 P.2d at 1203. Our holding in *Chunkapura* made clear that when a lender elects to foreclose by judicial procedure, rather than by advertisement and sale, "the lender (mortgagee) may not recover a deficiency judgment against the borrower (mortgagor), and the borrower has no right of redemption as is accorded borrowers in judicial foreclosures of conventional mortgages." 226 Mont. at 55, 734 P.2d at 1203. We have periodically confirmed our holding in *Chunkapura*, and it is now well-settled that regardless of the manner of foreclosure, when a property is secured by a deed of trust, the Small Tract Financing Act does not entitle a lender to a deficiency judgment or a borrower to a right of redemption. *See Abel*, ¶ 26; *Midfirst Bank v. Ranieri*, 257 Mont. 312, 315, 848 P.2d

6

1046, 1048 (1993); *First Federal Sav. & Loan Ass'n of Missoula v. Anderson*, 238 Mont. 296, 300, 777 P.2d 1281, 1283 (1989).

¶15     Here, after two forestalled attempts at a trustee's sale, CitiMortgage elected to proceed by judicial foreclosure, as was its right under § 71-1-304(3), MCA.  The judicial foreclosure of a deed of trust does not bring the foreclosure action outside the scope of the Small Tract Financing Act, as the Cavanaughs claim.  *Chunkapura*, 226 Mont. at 55, 734 P.2d at 1203.  Whether the foreclosure occurs by trustee's sale or judicial procedure, the remedies must be consistent with the provisions of the Small Tract Financing Act. *Chunkapura*, 226 Mont. at 55, 734 P.2d at 1203.  Therefore, the Cavanaughs are not entitled to a one-year right of redemption.

¶16     *Issue Two:  Whether the Cavanaughs are entitled to a right of redemption because their property is a multi-family residence?*

¶17     The Cavanaughs next argue that the rule stated in *Chunkapura* is not applicable to their property, because at the time of foreclosure, it was not a single family residence. Our holding in *Chunkapura* was limited on rehearing to "occupied, single family residential propert[ies]."  226 Mont. at 66, 734 P.2d at 1210.  The character of a property as an "occupied, single family residential property" is determined at the time that the deed of trust is executed.  *Anderson*, 238 Mont. at 301, 777 P.2d at 1284.  Where a property is a single family residential home at the time the deed of trust is executed, but is briefly used as a rental property prior to a foreclosure sale, the property is still considered a single family residence.  *Ranieri*, 257 Mont. at 316, 848 P.2d at 1048 (citing *Anderson,* 238 Mont. at 301, 777 P.2d at 1284).

¶18 Here, Susan's loan application indicated that the home was her primary residence, not an investment property. She stated that the home had only one unit. She did not report receiving any rental income from the property. The Cavanaughs' home was a single family residence at the time the deed of trust was executed. Its character at the time of foreclosure is immaterial. *Anderson*, 238 Mont. at 301, 777 P.2d at 1284. The rule stated in *Chunkapura* governs here, and therefore, the Cavanaughs are not entitled to a right of redemption.

¶19 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JIM RICE

8