No. 89-629

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

CITIZENS STATE BANK, a Montana
banking corporation,

     Plaintiff and Respondent,

  -vs-

JOHN R. RYAN and ROBERTA
C. RYAN, husband and wife,

     Defendants and Appellants,

  and

BUTLER R. EITEL, AMERICAN LAND
AND TITLE COMPANY, MONTANA BOARD
OF HOUSING, DONALD F. TUNNELL and
EVELYN I. TUNNELL, FARMERS STATE
BANK and LARRY PERRSON, Trustee,

     Defendants and Respondents.


APPEAL FROM:  District Court of the Fourth Judicial District,
               In and for the County of Ravalli,
               The Honorable John S. Henson, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

          Terry A. Wallace, Attorney at Law, Missoula, Montana

       For Respondent Farmers State Bank:

          George H. Corn, Bell, Corn & Bell, Hamilton, Montana


Submitted on Briefs:  April 19, 1990

Decided:  June 7, 1990

Filed:

_____
               Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

Defendants John R. and Roberta C. Ryan appeal from the decision of the District Court of the Fourth Judicial District, Ravalli County, granting Farmers State Bank's motion for possession of the real property in question pursuant to § 27-1-431, MCA. We affirm.

In March, 1981, Farmers State Bank loaned John R. and Roberta C. Ryan fifty-three thousand dollars ($53,000) for the real property located on the West 210 feet of Lot four, Black Lane Estates, Ravalli County, Montana, also known as 167 Black Lane, Corvallis, Montana. This loan was secured by a trust indenture dated March 26, 1981 and was duly recorded in Book 113, page 210 at the Clerk and Recorder Office in Ravalli County. This trust indenture and the underlying promissory note was then purchased by and assigned to the Montana Board of Housing. On September 28, 1988, the successor trustee, John H. Grant, was appointed.

In December, 1982, Citizens State Bank loaned the Ryans twenty thousand dollars ($20,000). The promissory note was secured by a trust indenture executed on December 1, 1982 between the Ryans and Citizens State Bank for the real property described as Lot four, Black Lane Estates, Ravalli County, Montana. This trust indenture was also duly recorded at the Clerk and Recorder Office in Ravalli County in Book 115, page 612.

The Ryans subsequently defaulted on both of the trust indentures held by the Montana Board of Housing and by the Citizens

2

State Bank. On August 27, 1987, Citizens State Bank filed a complaint in the District Court of the Fourth Judicial District, Ravalli County, seeking to recover on the promissory notes and to foreclose the trust indenture and mortgage on Lot four, Black Lane Estates, Ravalli County. Citizens State Bank also sought to assert the superiority of its claim as to the other defendants, including Farmers State Bank.

On September 23, 1987, Citizens State Bank stipulated that the interests of the successor of Farmers State Bank as beneficiary and the American Land Title Company (a/k/a First American Title Company of Montana) as trustee was prior in interest to the interest of Citizens State Bank as it applied to the West 210 feet of Lot four, Black Lane Estates, Ravalli County. Citizens State Bank therefore stipulated that any foreclosure decree entered in regards to the real property in question should reflect that the sale is subject to the interest of the American Land Title Company as trustee and the successor of Farmers State Bank as beneficiary. In light of the Farmers State Bank assigning its interest in the trust indenture to the Montana Board of Housing, Citizens State Bank further stipulated on March 8, 1988 that any foreclosure decree in the real property in question should reflect that the sale is subject to the successor of the Montana Board of Housing as beneficiary.

The Ryans filed an answer on April 8, 1988, claiming that Roberta Ryan had no interest in the property involved in the suit.

On September 29, 1988, the Montana Board of Housing executed a notice of trustee sale of the Ryan's real property located on the West 210 feet of Lot four, Black Lane Estates, Ravalli County, Montana. The notice stated that the default for which the foreclosure was made was for the nonpayment of the amounts due pursuant to the trust indenture dated March 26, 1981. John H. Grant, the successor trustee, filed affidavits of mailing, posting, and publication as required by § 71-1-315, MCA. The real property was offered for sale on February 21, 1989 at 10:00 a.m. inside the front door of the Ravalli County Courthouse, Hamilton, Montana. The Montana Board of Housing was the highest and best bidder and became the purchaser of the said property at the sale. A trustee's deed conveying the real property to the Montana Board of Housing was executed on March 3, 1989 and filed with the Clerk and Recorder Office, Ravalli County on March 8, 1989. On May 12, 1989, the Montana Board of Housing conveyed to Farmers State Bank the real property located at the West 210 feet of Lot four, Black Lane Estates, Ravalli County.

In the spring of 1989, the District Court set a pretrial conference for the case. On June 6, 1989, Farmers State Bank filed a notice and motion for judgment for possession for the real property located at the West 210 feet of Lot four, Black Lane Estates, Ravalli County. Farmers State Bank also filed a supporting brief. The matter was set for hearing on June 14, 1989. The Ryans were personally served the notice, motion and brief on

4

June 8, 1989. On June 9, 1989, the Ryans personally filed a motion to dismiss the complaint and an answer to Farmers State Bank's motion for judgment for possession of real property. The Ryans also argued that Farmers State Bank failed to give them proper notice of their motion for judgment for possession of real property. At the close of the June 14, 1989 hearing, the court set a briefing schedule and both the Ryans and Farmers State Bank filed briefs and responses.

On August 16, 1989, the court issued its Opinion, Order and Judgment stating that pursuant to § 27-1-431, MCA, and the statutes regarding Small Tract Financing, §§ 71-1-301 through -321, MCA, that the Ryans were in wrongful possession of the West 210 feet of Lot four, Black Lane Estates, Ravalli County and therefore granted Farmers State Bank's motion for judgment for possession of real property.

The sole issue raised on appeal is whether the District Court erred in granting Farmers State Bank's motion for possession of real property pursuant to § 27-1-431, MCA.

In 1963, the Montana legislature enacted the Small Tract Financing Act of Montana. The law in effect at the time the Ryans and Farmers State Bank executed the March 26, 1981 trust indenture stated that "[t]ransfers in trust of any interest in real property of an area not exceeding 15 acres may be made to secure the performance of an obligation of a grantor . . . to a beneficiary . . . ." Section 71-1-304(1), MCA (1979). The Act also provided

that after a grantor breaches his obligation that a power of sale is then conferred upon the trustee. Section 71-1-304(2), MCA (1979).

As the District Court duly noted, John R. Ryan and Roberta C. Ryan granted a trust indenture to Farmers State Bank as beneficiary and American Land Title Company as trustee. This trust indenture was then properly recorded in the Clerk and Recorder Office, Ravalli County, on March 27, 1981. Farmers State Bank then transferred its interest to the Montana Board of Housing as successor beneficiary and John H. Grant became successor trustee. After the Ryans breached their obligation to pay monies due as evidenced by the underlying promissory note, John H. Grant sold the real property as allowed under §§ 71-1-304(3) and 71-1-313, MCA. Grant properly followed the procedures as set out in § 71-1-315, MCA, regarding notice, posting and publication.

The Ryans had a right to pay the successor beneficiary the sums then due under the trust indenture, together with other statutorily required payments in order to cure the existing default. Section 71-1-312, MCA. The Ryans, however, did not make the required payments and were therefore required to surrender possession to the purchaser on the tenth day following the sale, and without right of redemption after the sale. Section 71-1-319, MCA; First State Bank of Forsyth v. Chunkapura (1987), 226 Mont. 54, 734 P.2d 1203.

The District Court granted Farmers State Bank's motion for

possession of real property pursuant to § 27-1-431, MCA. Section 27-1-431, MCA, states that

> A person entitled to specific real property, by reason either of a perfected title or of a claim to title which ought to be perfected, may recover the same in the manner prescribed by this code, either by a judgment for its possession to be executed by the sheriff or by a judgment requiring the other party to perfect the title and to deliver possession of the property.

In light of the above, the District Court properly granted Farmers State Bank's motion.

The Ryans' arguments on appeal are without merit. The Ryans first argue that Farmers State Bank did not have a claim against them and therefore that there was no judgment for either the plaintiff or the defendant in this case. Quite contrary to what the Ryans argue, the District Court's August 16, 1989 judgment clearly stated that Farmers State Bank was entitled to possession of the West 210 feet of Lot four, Black Lane Estates, Ravalli County and that the Ryans were in wrongful possession of that property. Also, contrary to what the Ryans argue, Farmers State Bank was not required to make a claim against the Ryans via a complaint, counterclaim, third-party complaint or cross-claim. Under the present set of facts, Farmers State Bank's motion for judgment for possession of the real property in question was properly presented and the District Court properly issued its judgment.

The Ryans also argue that they did not have proper notice of

the June 14, 1989 hearing. The record demonstrates that the Ryans were served with notice of hearing on June 8, 1989, and filed documents with the court demonstrating the same on June 9, 1989. The court then allowed briefing of the matter before it issued its August 16, 1989 judgment. The Ryans' argument that they did not have proper notice of the June 14, 1989 hearing is without merit.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8